*J. R. Slack,* for appellants.

*J. A. Fay,* for appellee.

————————◆————————

### THE CITY OF EVANSVILLE *v.* MARTIN ET AL.

CITY.—*Nuisance.*—A city of this State incorporated under a charter authorizing the common council "to regulate all wharves on the shore of the Ohio river, adjoining said city," cannot by ordinance define the line of high-water mark, and declare the erection of buildings below said line a nuisance, and impose a fine upon persons erecting such buildings on their own land.

APPEAL from the Vanderburg Circuit Court.

DOWNEY, J.—The common council of the city of Evansville passed the following ordinance:

"An ordinance in relation to private and public wharves and the shore of the Ohio river in front of the city of Evansville, declaring certain things thereon erected or placed to be nuisances, and providing for the establishment of a water-line at high-water mark, having been once read, rule 18 was unanimously suspended, and the ordinance again read and passed, as follows, viz.:   An ordinance in relation to private and public wharves and the shore of the Ohio river in front of the city of Evansville, declaring certain things thereon erected or placed to be nuisances, and pro-

viding for the establishment of a water-line at high-water mark.

"Section 1. *Be it ordained by the Common Council of the City of Evansville,* That any house, storehouse, warehouse, shop, shed, structure of any kind whatsoever, or any part thereof, hereafter erected or placed on any private or public wharf, or any place for the landing of boats or water-crafts of any kind whatever, navigating or brought to said city upon the waters of the Ohio river, or any part of the shore of said river, below the line of high-water mark, at any place within the corporate limits of the city of Evansville, is hereby declared to be a nuisance.

"Sec. 2. That any person or persons who shall erect or place, or cause to be erected or placed, any house, storehouse, warehouse, shop, shed, or other building or structure of any kind whatsoever, or any part thereof, below high-water mark, at any point, upon any public or private wharf, or any part of the shore of the Ohio river, within the corporate limits of the city of Evansville, contrary to the provisions of this ordinance, shall, on conviction, forfeit and pay the sum of one hundred dollars for every such offence, and the further sum of one hundred dollars for each day during which any such house or structure shall be permitted to remain upon such wharf or river shore, below high-water mark, as aforesaid.

"Sec. 3. That it shall be the duty of the city surveyor, as soon as practicable after the passage of this ordinance, to survey and mark the line of high-water mark upon and along the wharves and shore of said Ohio river, in front of and within the corporate limits of the city of Evansville, and return to the common council of said city a report of said survey, with a plat or diagram of the same, showing at or opposite all street intersections, the distance from the upper line of Water street and the line of Front street to the line of high-water mark; said line to be designated and known as the water-line of the city of Evansville."

The following complaint was filed against the appellees before the recorder of the city:

"The City of Evansville *v.* Robert M. Martin, Lee M. Gardner, and Marsh Atkisson. State of Indiana, Vanderburg County, City of Evansville, ss.

"Edward Ingle, being duly sworn, deposes and says, that on the 17th day of February, 1870, the common council of the city of Evansville duly passed an ordinance, a copy of which is hereto attached and herewith filed, entitled 'an ordinance in relation to private and public wharves and the shore of the Ohio river in front of the city of Evansville, declaring certain things thereon erected or placed to be nuisances, and providing for the establishment of a water-line at high-water mark,' whereby it is, among other things, ordained by the said city of Evansville, that any house, storehouse, warehouse, shop, shed, or structure of any kind whatsover, or any part thereof, hereafter erected or placed on any private or public wharf, or on any place for the landing of boats or water-crafts of any kind whatever, navigating or brought to said city upon the waters of the Ohio river, or any part of the shore of said river, below the line of high-water mark, at any place within the corporate limits of the city of Evansville, is declared to be a nuisance.

"The affiant further says, that afterward, to wit, on or about the 8th day of September, 1870, contrary to said ordinance, one Robert M. Martin, Lee M. Gardner, and Marsh Atkisson, did, at and in said city of Evansville, in said county and State, erect, put, and place upon the private wharf of said Robert M. Martin, Lee M. Gardner, and Marsh Atkisson, within the corporate limits of said city of Evansville, and, as affiant is informed and believes, below high-water mark, and below the water-line heretofore, in pursuance of said ordinance, duly established, and at a place of landing for boats and other water-crafts in time of high water, a portion of a brick house or building, commonly called a tobacco warehouse, the same being so constructed as to obstruct the landing of boats and other water-crafts at said port and

place, in time of high water, contrary, as affiant verily believes, to the form and substance of said ordinance.

"E. INGLE.

"Subscribed and sworn to, November 10th, 1870.

"S. SORENSON, Clerk."

The defendants were found guilty by the recorder, and judgment rendered against them. From this judgment they appealed to the circuit court. In the circuit court, on their motion, the complaint was quashed and the action dismissed. The city excepted, and appealed to this court. The error assigned calls in question the correctness of this ruling.

The city of Evansville is not incorporated or acting under the general law for the incorporation of cities, but under a special charter. The only provision in the charter relating to the question here involved, is that which authorizes the common council "to regulate all wharves on the shore of the Ohio river adjoining said city, whether the same be public or private, and the amount of wharfage to be charged at or for the use of the same."

Counsel for the appellee assume and argue two positions with reference to the validity of the ordinance, claiming that in either view it is invalid; first, because, by a fair construction of the charter, the power to pass the ordinance is not intended to be conferred by the legislature; second, if the legislature intended to confer such a power, it is not constitutionally competent for them to pass the act; the legislature having no power themselves to impose such a restriction upon private rights, cannot delegate any such power to the common council.

On the other hand, counsel for the appellant contend that this ordinance is valid and binding.

The members of the court are all agreed that the judgment of the circuit court ought to be affirmed, but are not of one opinion as to the ground on which it should be done. For this cause it is not deemed necessary to state the reasons for their conclusion.

NOVEMBER TERM, 1872.                    149

The judgment is affirmed, with costs.

*W. F. Parrett, L. Wood, C. Denby,* and *D. B. Kumler,* for appellant.

*A. Iglehart, A. Dyer,* and *J. E. Iglehart,* for appellees.