14854

SCHLOSS POSTER ADVERTISING CO., INC., v. CITY OF
ROCK HILL *ET AL.*

(2 S. E. (2d), 392)

*Messrs. Dunlap & Dunlap & Roddey,* for appellant,

*Messrs. Spencer & Spencer,* for respondent,

April 4, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

Appellant seeks reversal of a decree of the lower Court declaring valid an ordinance of the City of Rock Hill and refusing to issue a writ of *mandamus* requiring the respondents to issue to him a permit to erect certain billboards upon lots leased by him within the city limits. The pertinent portion of the ordinance under consideration reads as follows: "Hereafter it shall be unlawful to erect or maintain any billboard facing on any public street or other public place within the incorporate limits of the City of Rock Hill without having first obtained from the city council a permit to do so."

Section 3 of the ordinance provides that every violation shall be punished by fine or imprisonment.

It appears from the petition that the appellant, which is a non-resident corporation with its principal place of business in Charlotte, North Carolina, is engaged mainly in the business of posting and displaying for hire advertisements on billboards; that under the ordinance it applied to the respondents for a permit to erect four billboards upon certain lots leased by it in the City of Rock Hill: one on the northern side of York Avenue, one on the corner of Charlotte and Union Avenues, and one each on the eastern and western sides of Saluda Street; that the proposed billboards will be safely and securely constructed; will not at any time be on the right of way of streets or pavements, and will not in any way interfere with the proper use of the streets or sidewalks. It is alleged that since the passage of the ordi-

nance respondents have permitted and are now permitting other parties to erect billboards in the same section of the streets designated above, such permission having been given to S. T. Frew, the health officer of the City of Rock Hill, who operates under the name of the Rock Hill Poster Advertising Company—thereby discriminating against the appellant. The ordinance is attacked as being arbitrary and unreasonable.

In response to a rule to show cause, the respondents made their return, and admitted the filing of the petition for a permit; admitted its denial; alleged that the ordinance is valid, and asserted that in each instance in passing upon an application for a permit to erect billboards within the city limits, the city council acted thereon only after a careful inspection of each proposed location with reference to the public safety, health, morals and general welfare, without discrimination, and in accordance with the discretionary power reserved to it in the ordinance. It was also alleged that the erection and maintenance of billboards at the locations mentioned would be dangerous, injurious to the public welfare, a public nuisance, and injurious to the public health.

The matter was referred to the Honorable David Hamilton, as Special Referee, to take the testimony and to report to the Court his findings of fact and conclusions of law. He found all issues in favor of the appellant, holding that the ordinance was invalid and unreasonable, because it reserved to the city council arbitrary power without the guidance of general and uniform rules and regulations applying to all billboards, and further that in its enforcement the city council was guilty of discrimination. Upon appeal to the Circuit Court the ordinance was declared to be valid and that no constitutional rights of the appellant had been violated.

The testimony for respondents tends to show that when the application for a permit to erect billboards was received

by the city council, the proposed sites were inspected, and the rejection or denial of the permits to erect same was based upon the following grounds, as shown by the testimony of Mr. Carothers, the mayor of Rock Hill: (1) Aesthetic considerations; (2) that trash and debris would collect behind them; (3) dangerous, because wind storms might blow them down; and (4) Mr. Frew is now maintaining several in the same section desired by the appellant.

It is contended on the part of the appellant that the ordinance is arbitrary, unreasonable, and void on its face, as being within the prohibitions of the State and Federal Constitutions (Constitution of South Carolina, 1895, Art. 1, Sec. 5; United States Constitution, Fourteenth Amendment U. S. C. A.); and, in the alternative, if not so, that it is void by reason of its administration and enforcement, operating unequally so as to forbid to the appellant what is permitted to others as lawful, without any distinction of circumstances. In other words, an unjust and illegal discrimination, which, though not made expressly by the ordinance, is made possible by it.

It seems to us clear upon authority and reason that if an ordinance is passed by a municipal corporation, which upon its face restricts the right or dominion which the individual might otherwise exercise over his property without question, not according to any general or uniform rule, but so as to make the due enjoyment of his own depend upon the arbitrary will of the governing authorities of the town or city, it is unconstitutional and void, because it fails to furnish a uniform rule of action and leaves the right of property subject to the despotic will of city authorities who may exercise it so as to give exclusive profits or privileges to particular persons. *Henderson v. City of Greenwood,* 172 S. C., 16, 172 S. E., 689; *State v. Tenant,* 110 N. C., 609, 14 S. E., 387, 15 L. R. A., 423, 28 Am. St. Rep., 715; *Newton v. Belger,* 143 Mass., 598, 10 N. E. (2d), 464; *City of Richmond v. Dudley,* 129

Ind., 112, 28 N. E., 312, 13 L. R. A., 587, 28 Am. St. Rep., 180; *Yick Wo. v. Hopkins,* 118 U. S., 356, 6 S. Ct., 1064, 30 L. Ed., 220; *May v. People,* Oct. 26, 1891, 1 Colo. App., 157, 27 P., 1010; *Mayor, etc., v. Radecke,* 49 Md., 217, 33 Am. Rep., 239; *Anderson v. City of Wellington,* 40 Kan., 173, 19 P., 719, 2 L. R. A., 110, 10 Am. St. Rep., 175; *In re Frazee,* 63 Mich., 396, 30 N. W., 72, 6 Am. St. Rep., 310; *Tugman v. Chicago,* 78 Ill., 405; *Village of Braceville v. Doherty,* 30 Ill. App., 645; *Barthet v. City of New Orleans,* C. C., 24 F., 563, 564; *Bills v. City of Goshen,* 117 Ind., 221, 20 N. E., 115, 3 L. R. A., 261; *Lake View v. Letz,* 44 Ill., 81; *Evansville v. Martin,* 41 Ind., 145, 19 R. C. L., 813.

The ordinance before us is in no sense a zoning ordinance as provided in Sections 7390-7398, Code 1932, nor does it prescribe rules or conditions for the issuance of permits for the erection of billboards to which all persons similarly situated may conform. It does not profess to prescribe regulations for their location, construction, or maintenance, but it commits to the unrestrained will of the city authorities, for any reason deemed satisfactory to them, the right and power to absolutely prohibit the use of property for the erection of billboards.

The ordinance in question in no way controls or guides the discretion vested thereby in the respondents. It prescribes no uniform rule upon which the special permission of the city is to be granted. Thus the city is clothed with the uncontrolled power to capriciously grant the privilege to some and deny it to others; to refuse the application of one landowner or lessee and to grant that of another, when for all material purposes, the two are applying for precisely the same privileges under the same circumstances. The danger of such an ordinance is that it makes possible arbitrary discriminations and abuses in its execution, depending upon no conditions or qualifications whatever, other than the unregulated arbitrary will of the city authorities as

the touchstone by which its validity is to be tested. Fundamental rights under our government do not depend for their existence upon such a slender and uncertain thread. Ordinances which thus invest a city council with a discretion which is purely arbitrary, and which may be exercised in the interest of a favored few, are unreasonable and invalid. The ordinance should have established a rule by which its impartial enforcement could be secured. All of the authorities cited above sustain this conclusion.

The particular question in this case is whether or not the ordinance in question is a valid exercise of the police power. Language better calculated to enable the city council to absolutely control the location, erection and maintenance of structures for outdoor advertising, without any reference to known rules and regulations with which all might comply if such existed, cannot well be imagined.

As was said in *City of Richmond v. Dudley,* 129 Ind. 112, 28 N. E., 312, 314, 13 L. R. A., 587, 28 Am. St. Rep., 180: "It seems from the foregoing authorities to be well established that municipal ordinances placing restrictions upon lawful conduct or the lawful use of property must, in order to be valid, specify the rules and conditions to be observed in such conduct or business; and must admit of the exercise of the privilege of all citizens alike who will comply with such rules and conditions; and must not admit of the exercise, or of an opportunity for the exercise, of any arbitrary discrimination by the municipal authorities between citizens who will so comply."

We are of the opinion that the ordinance in its present form is objectionable and invalid for the reasons indicated, and cannot be enforced. If another ordinance should be enacted we must presume that the municipal authorities will in their wisdom enact a proper and reasonable ordinance, in conformity with the views herein expressed.

There is nothing in the case of *Douglass v. City Council of Greenville,* 92 S. C., 374, 75 S. E., 687, 49 L. R. A. (N.

S.), 958, relied on by the respondents, which conflicts with the principles we have announced. In that case the ordinance sets forth in much detail rules and regulations to guide the discretion of the city council in the granting or refusing of a permit to operate a livery stable.

And the same thing is true with reference to the case of *Ward v. Town of Darlington*, 183 S. C., 263, 190 S. E., 826, where likewise the ordinance in question prohibiting the keeping of cows in the city, except upon specific regulations to be complied with, stated those conditions at great length.

Judgment reversed. Case remanded, with direction for issuance of writ of *mandamus*.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.