489 S.E.2d 630

**PETERSON OUTDOOR ADVERTISING, Respondent,**

v.

**CITY OF MYRTLE BEACH, Appellant.**

No. 24672.

Supreme Court of South Carolina.

Heard June 18, 1997.

Decided Aug. 11, 1997.

Rehearing Denied Sept. 5, 1997.

232

Frances I. Cantwell and William B. Regan, both of Regan & Cantwell, Charleston, for appellant.

Howell V. Bellamy, Jr., and Leigh Ammons Meese, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., Myrtle Beach, for respondent.

BURNETT, Justice:

City of Myrtle Beach (City) appeals the master-in-equity's order approving Peterson Outdoor Advertising's (Respondent's) proposal for the placement of two billboards. We reverse.

## FACTS

The Myrtle Beach Zoning Code, Article VI, §§ 601–607, establishes a Community Appearance Board (CAB) charged with the responsibility of reviewing proposed development in the City, including signage, to discourage unsightly and inharmonious development, to assure structures are properly related to their sites and surrounding sites and structures, and proposed structures do not detract from the surrounding properties. The CAB is authorized to deny an applicant a building permit if the proposed construction does not satisfy the criteria of § 604 of the CAB Ordinance even though the applicant is technically in compliance with other zoning and building requirements. The Ordinance provides for appeal *de novo* to the City Council from a decision of the CAB.

Respondent, an outdoor advertising business, sought building permits from the City for four proposed billboards within the municipal limits.[1] Respondent's applications were approved by all appropriate departments of the City and the proposed billboards were in compliance with municipal zoning ordinances. However, while approving two of the applications, CAB denied the permit applications for construction of two of the billboards because it found the billboards created excessive "clutter" in the proposed areas and "did not look good." After a *de novo* hearing, City Council upheld CAB's decision to deny the permits. City Council concluded the proposed sites for the billboards were part of the City in need of aesthetic attention and the billboards at issue would not enhance the appeal of the City and would not serve to foster sightly and harmonious development.

The appeal to the circuit court was referred with finality to the master-in-equity who reversed City Council's decision and

---

1. The City issues building permits for the billboard structure itself, independent of the advertising that will later be placed on the face of the billboard.

ordered the City to issue respondent the permits. The master found the CAB Ordinance to be valid and constitutional. Further, the master found City Council had failed to apply the criteria provided by § 604 of the CAB Ordinance in denying the permits and held a decision based solely on the CAB Ordinance's objectives, § 601.2, resulted in an unconstitutional application of the ordinance, thus rendering City Council's decision arbitrary.

## *ISSUES*

I. In denying the applications did the CAB and City Council fail to apply the criteria of the CAB Ordinance, thereby rendering arbitrary and capricious decisions constituting an abuse of discretion and rendering the CAB Ordinance unconstitutional as applied?

II. Did the master-in-equity abuse his discretion in refusing to remand the billboard applications to the City Council for further consideration?

## *DISCUSSION*

### *I.*

Ordinances, such as the CAB Ordinance, are a valid exercise of a municipality's authority. Municipalities are granted broad police powers to enact ordinances with respect to any subject which appears necessary and proper for the security, general welfare and convenience of the municipality. S.C.Code Ann. § 5–7–30 (Supp.1996). This authority includes the power to enact regulations based on aesthetic considerations. *Town of Hilton Head Island v. Fine Liquors, Ltd.*, 302 S.C. 550, 397 S.E.2d 662 (1990); 6A McQuillen *Municipal Corporations* § 24.15 (3d ed.1997) (it is a valid exercise of a municipality's police power to enact regulations that promote aesthetic considerations provided the regulation contains clear standards to limit the subjective exercise of discretion by the enforcing authorities). Municipalities are also granted broad zoning and planning powers. S.C.Code Ann. §§ 5–23–10 to – 740 (1976); S.C.Code Ann. §§ 6–29–310 to –1200 (Supp.1996). Further, a municipality may delegate the administration of its ordinances to a board provided the board's discretion is suffi-

ciently limited by clear rules and standards. 8A McQuillen *Municipal Corporations* §§ 25.214 & 25.215 (3d ed.1994); 8 McQuillen *Municipal Corporations* § 25.147 (3d ed.1991) (issuance of permits under zoning laws may rest in the discretion of a board provided the board's discretion is restricted). Thus, the City validly exercised its authority in enacting the CAB Ordinance and in delegating the enforcement of this ordinance to the CAB.

The City claims both the CAB and City Council based their decisions on the criteria set forth in the CAB Ordinance; therefore, their decisions were not arbitrary and an abuse of discretion. We disagree.

 A strong presumption exists in favor of the validity and application of zoning ordinances. *Petersen v. City of Clemson,* 312 S.C. 162, 439 S.E.2d 317 (Ct.App.1993). In the context of zoning, a decision of a reviewing body, in this case the City Council, will not be disturbed if there is evidence in the record to support its decision. *Historic Charleston Foundation v. Krawcheck,* 313 S.C. 500, 443 S.E.2d 401 (Ct.App. 1994). A court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision. *Talbot v. Myrtle Beach Board of Adjustment,* 222 S.C. 165, 72 S.E.2d 66 (1952). However, a decision of a municipal zoning board will be overturned if arbitrary. *Id.; see also Knowles v. City of Aiken,* 305 S.C. 219, 407 S.E.2d 639 (1991) (a municipal zoning decision can be successfully attacked on the ground it is arbitrary); *Town of Hilton Head Island, supra* ("The exercise of police power is subject to judicial correction ... if the action is arbitrary and has no reasonable relation to a lawful purpose"); *Gurganious v. City of Beaufort,* 317 S.C. 481, 454 S.E.2d 912 (Ct.App.1995) (when the zoning board acts arbitrarily, its decision will not be upheld). Further, "the decision of the zoning board will not be upheld where it is based on errors of law, ... or where there is no legal evidence to support it, or where the board acts arbitrarily or unreasonably, ... or where, in general, the board has abused its discretion." *Hodge v. Pollock,* 223 S.C. 342, 348, 75 S.E.2d 752, 755 (1953). When exercising discretion, a local board must be guided by standards which are specific in order to prevent the ordinance from being invalid and arbitrary. *Schloss Poster Adv. Co. v. City of Rock Hill,*

190 S.C. 92, 2 S.E.2d 392 (1939) (finding city's denial of permit arbitrary because no objective standards guided the decision; instead, the decision was based on the unfettered will of the city); *Hodge, supra* (finding the grant of the variance was not based on the objective standards of the ordinance). "The concept of vagueness or indefiniteness rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication." *City of Beaufort v. Baker,* 315 S.C. 146, 152, 432 S.E.2d 470, 472 (1993).

The CAB Ordinance provides specific criteria which "shall be utilized by the board (CAB) in reviewing" required plans. *See* § 604.1. The CAB Ordinance further provides "[t]he board shall also be guided by the objectives of section 601, and such objectives shall serve as additional criteria and standards." *See* § 604.2. Section 601.2 provides in broad and general terms the purposes and objectives sought to be achieved by the CAB Ordinance.

 The CAB failed to apply any of the specific criteria of the CAB Ordinance in reaching its conclusion to deny the applications, thus rendering its decision arbitrary and an abuse of discretion. *Hodge, supra; Schloss Poster Adv. Co., supra.* The CAB denied the applications because it found the proposed billboards caused "too much clutter;" they did not add to the aesthetics of the area; they "did not look good;" and they were incompatible with the area. None of these reasons are enumerated as criteria the CAB is required to consider when determining whether to approve or deny a proposed structure. *See* § 604.

 Further, during the *de novo* hearing, City Council failed to apply or articulate any of the specific criteria of the CAB Ordinance. The decision of City Council was based upon the objectives and purposes of § 601.2. In City Council's written order, it considered the relationship of the billboards to surrounding properties and found "these applications, if approved, would not enhance the appeal of the City to residents or visitors, and would not serve to foster sightly or harmonious development." Even though § 604.2 provides the objectives and purposes of § 601 "shall serve as additional criteria and standards," a decision based solely on § 601.2 objectives gives rise to an unconstitutionally vague application

of the ordinance and renders City Council's decision arbitrary and capricious and an abuse of discretion.

The § 601.2 objectives are extremely broad and fail to provide any guidance to a potential applicant of the basis for denial or actions necessary to obtain CAB approval. To deny a permit based solely on the ordinance's objectives grants CAB and/or City Council overly broad discretion and allows them to arbitrarily decide whether to approve a proposed structure. The objectives neither provide notice to potential applicants of the criteria nor do they provide any objective standards. What one person may find unsightly and inharmonious may be pleasing to another. These standards are extremely subjective and lack definiteness. A decision based solely on these objectives is constitutionally infirm.

## II.

The City claims the master abused his discretion in refusing to remand the billboard applications to City Council for further deliberation. We agree.

Here, the master improperly substituted his judgment for that of City Council. *Talbot, supra.* Further, the master's order contains no evidence that he applied the criteria of the CAB Ordinance. Instead, the master ordered the issuance of the permits based on the fact respondent's applications complied with all other regulations. The CAB Ordinance operates as part of the zoning requirement for applicants wishing to build in certain areas of the City. Therefore, an applicant must comply with all technical regulations and must be approved by the CAB. Thus, even if the proposed construction complies with all technical regulations, such as spacing and height, CAB approval must also be obtained in accordance with the CAB Ordinance.

**REVERSED.**

FINNEY, C.J., MOORE and TOAL, JJ., and Acting Associate Justice THOMAS J. ERVIN, concur.