Spartanburg County v. Samuel T.D. Lancaster

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The Spartanburg County Building Codes Board of Appeals,       
Respondent,
 
 
 

v.

 
 
 
Samuel T. D. Lancaster,       
Appellant.
 
 
 

Appeal From Spartanburg County
Donald W. Beatty, Circuit Court Judge

Unpublished Opinion No. 2004-UP-055
Submitted January 12, 2004  Filed January 
 28, 2004

AFFIRMED

 
 
 
Samuel T.D. Lancaster, of Spartanburg, for Appellant.
William McBee Smith, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Samuel Lancaster appeals from 
 the circuit courts dismissal of his appeal from the Spartanburg County Building 
 Codes Board of Appeals (the Board).  We affirm.
FACTS
In June 2001, Spartanburg County (the 
 County) informed Lancaster that the storage of inoperable vehicles and appliances 
 on his property was in violation of a County ordinance.  To that end, the County 
 served Lancaster with a Notice of Violation and Order, which ordered Lancaster 
 to comply with the ordinance.  In response, Lancaster filed a request for a 
 variance with the Board.  The Board subsequently denied Lancasters request 
 for a variance.    
Lancaster appealed the Boards ruling to the circuit 
 court.  The circuit court judge dismissed Lancasters appeal, finding (1) Lancasters 
 allegations of collusion and equal protection violations were not preserved 
 for review and (2) there was substantial evidence to support the Boards conclusions.  
 The final order also instructed Lancaster to comply with the Boards final decision 
 within thirty days, and authorized County law enforcement officers to enter 
 Lancasters property to determine compliance with the order.  Lancaster appeals. 

LAW/ANALYSIS
 Lancaster argues the circuit court erred 
 in upholding the Boards decision.  We do not agree.
Initially, we note the circuit court was 
 correct in finding Lancasters collusion and equal protection arguments were 
 procedurally barred.  As Lancaster had not raised these arguments to the Board, 
 he was prohibited from subsequently presenting these issues to the circuit court.  
 See, e.g.,  Brown v. South Carolina Dept of Health & Envtl. 
 Control, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (finding issues not 
 raised to and ruled on by an administrative agency are not preserved for judicial 
 consideration) (citations omitted).
Therefore, the sole issue before this court is 
 whether the circuit court erred in dismissing Lancasters appeal and upholding 
 the Boards decision.  As Lancaster failed to appear for the Boards hearing 
 on this matter, the hearing was held in his absence.  The inspector who issued 
 the Notice of Violation for Lancasters property testified that Lancasters 
 storage of eight inoperable motor vehicles, appliances, shelving, and pipe on 
 his property violated the Property Maintenance Code.  The inspector also stated 
 the property is obviously in violation of the Code, and added that a neighbor 
 had lodged an informal complaint about Lancasters property approximately four 
 months earlier.  The Board then viewed the inspectors videotape of the debris 
 on Lancasters property.  After agreeing with the inspector that Lancasters 
 property was in clear violation of the Code, the Board unanimously voted to 
 deny Lancasters motion for a variance.  
We find the circuit court was correct in affirming 
 the Board.  There was more than enough evidence presented at the Board hearing 
 to support the Boards decision to deny the variance and hold Lancaster in violation 
 of the Code.  Further, other than presenting a brief to the Board, Lancaster 
 did not present any other evidence to support his motion for a variance.  As 
 the arguments in Lancasters brief cannot be considered as evidence and Lancaster 
 did not appear at the hearing, Lancaster effectively did not present any evidence 
 to the Board.  
Similar to our review of zoning appeals, 
 we employ an abuse of discretion standard of review in the instant case.  See 
 Peterson Outdoor Adver. v. City of Myrtle Beach, 327 S.C. 230, 235, 489 
 S.E.2d 630, 633 (1997) ([T]he decision of the zoning board will not be upheld 
 where it is based on errors of law, . . .  or where there is no legal evidence 
 to support it, or where the board acts arbitrarily or unreasonably, . . . or 
 where, in general, the board has abused its discretion.) (citation omitted).  
 As such, we find (1) there is substantial evidence to support the circuit courts 
 order dismissing Lancasters appeal and (2) the Board neither acted arbitrarily 
 nor abused its discretion in denying Lancasters motion for a variance.  Accordingly, 
 the circuit court did not err in dismissing Lancasters appeal from the Boards 
 ruling.
CONCLUSION
Based upon the foregoing, the circuit 
 courts order dismissing Lancasters appeal is 
 AFFIRMED.
ANDERSON, KITTREDGE, and CURETON, 
 A.J., concur.