19780

CITY ICE DELIVERY COMPANY, Respondent, v. ZONING BOARD OF ADJUSTMENT FOR the COUNTY OF CHARLESTON et al., Appellants.

(203 S. E. (2d) 381)

*Messrs. Ben Scott Whaley* and *Leonard L. Long, Jr.,* of Charleston, *for Appellants,*

*Cody W. Smith, Jr., Esq.,* of *Solomon, Solomon, Kahn & Roberts,* Charleston, *for Respondent,*

*Messrs. Ben Scott Whaley* and *Leonard L. Long, Jr.,* of Charleston, *for Appellants,* in Reply.

March 4, 1974.

LEWIS Justice:

The question to be decided is whether the respondent is prohibited by the Charleston County Zoning Ordinance from selling gasoline in connection with the operation of a food store at 2388 Otranto Road, Charleston Heights, South Carolina.

The County of Charleston adopted a zoning ordinance on August 3, 1971, effective August 15, 1971. Respondent purchased the lot in question by deed dated August 4, 1971, approximately eleven (11) days prior to the effective date of the ordinance. The property is located in an area zoned for single-family residential use.

Admittedly, respondent obtained a building permit for the construction of a food store on its property and began

construction of the building prior to the effective date of the zoning ordinance, thereby entitling it to operate the food store as a legal non-conforming use in the residential area. However, after the effective date of the ordinance, respondent began the installation of facilities for the self-service sale of gasoline on the premises, which resulted in this litigation. The Building Inspector refused to permit respondent to install gasoline pumps at the food store, taking the position that the sale of gasoline was not a part of the operation of a food store, but considered a separate, non-conforming use in violation of the zoning ordinance.

Upon the refusal of the Building Inspector to permit the installation of the gasoline pumps, respondent filed a formal appeal to the Zoning Board of Adjustment on December 28, 1972, in which it sought the right to install gasoline facilities, alleging that the sale of gasoline was an integral part of the business operation planned for the location as evidenced by the original plot plan, and that the building permit was issued by the county authorities with knowledge of the fact that respondent intended to so use the premises. Respondent contends that, under all of the facts, it acquired, prior to the effective date of the zoning ordinance, a vested property right to use the premises for the sale of gasoline. In the alternative, respondent petitioned the Zoning Board of Adjustment for a variance to permit such use of the premises.

The Zoning Board of Adjustment heard the appeal on February 7, 1972 and denied the same "on the grounds that the store is a non-conforming use and the addition of gas pumps would be an extension of this use and would be illegal under the zoning ordinance." In addition, the Board held that it was without authority to grant respondent's alternative request for a variance.

Upon respondent's appeal to the circuit court, the decision of the Board of Adjustment was reversed and respondent was granted authority to proceed with the installation of

self-service gasoline facilities at its food store. The lower court did not consider respondent's alternate request for a variance and, although argued, it has not been preserved as an issue in this appeal.

The Zoning Board of Adjustment, together with The Charleston County Planning Board and the Building Inspector for the county, against whom this action is prosecuted, have appealed from the decision of the lower court.

The extent of judicial review of the decision of the Board of Adjustment is governed by statute. Section 14-379, 1962 Code of Laws, as amended, provides for the hearing of appeals by the circuit court and states:

" . . . The findings of fact by the board of adjustment shall be final and conclusive on the hearing of such appeal. In determining the questions presented by the appeal the court shall determine only whether the decision of the board of adjustment is correct as a matter of law."

Therefore, the factual findings of the Board of Adjustment must be affirmed if there is any evidence to support them and are not influenced by an error of law.

There can be no doubt that the operation of a food store and the sale of gasoline are separate uses within the meaning of the zoning ordinance and that both are non-conforming uses in the area zoned for residential purposes.

The evidence sustains the specific factual findings of the Board that no gasoline pumps or tanks had been installed, no specific permission had been obtained to install gasoline tanks, and no electrical plans had been submitted by respondent for the wiring of gasoline pumps, prior to August 15, 1971 the effective date of the zoning ordinance. There is also evidence that no gasoline tanks or equipment were purchased by respondent prior to the above date.

Implicit in the decision of the Board of Adjustment is the finding that respondent had obtained no vested right to install gasoline facilities on the prop-

erty. This involved the sole factual issue of whether the building permit to construct a food store was issued by appellants with knowledge that the sale of gas was included as a part of the food store operation. No expenditure of funds had been made toward the actual installation of gasoline facilities prior to the effective date of the zoning ordinance. Therefore, respondent recognizes that, to come within the "vested rights" principle applied in *Pure Oil Division v. City of Columbia,* 254 S. C. 28, 173 S. E. (2d) 140, it must establish that, at the time the permit to build a food store was issued, the proper county officials were chargeable with knowledge that the operation of the food store and the sale of gasoline was an entire project, so that the expenditure of funds on the construction of the food store building amounted to an expenditure toward installation of the gasoline tanks and pumps.

The mere fact that, prior to the issuance of the permit to build the food store, respondent may have had an intention to also use the property for the sale of gasoline creates no vested right to so use it, unless it is shown that the proper public officials were chargeable with knowledge of the intended additional use prior to the effective date of the zoning ordinance.

The question then becomes one of whether the proper county officials were chargeable, at the time the building permit was issued, with knowledge of respondent's contemplated use of the property for the sale of gasoline. If there was a conflict in the evidence on the question, it became one for determination by the Board of Adjustment and the lower court was in error in deciding it as a matter of law.

Apparently, during the early part of 1971, prior to the adoption of the zoning ordinance, respondent became interested in purchasing the property in question for commercial use. Respondent was aware that Charleston County was in the process of enacting a zoning ordinance and that the ordinance would affect the use which could be made of

the property. Because of some doubt as to the permitted use of the property, a representative of respondent, on July 16, 1971, contacted the Charleston County Planning Board, which was in charge of the formulation and adoption of the ordinance. This representative submitted to the administrator of the Planning Board a form letter addressed to respondent, to be signed by the administrator, stating that the location in question was "properly zoned for the construction of a convenience food store" and that a permit would be issued for such construction "according to the attached plot plan." Respondent contends that the "plot plan" provided for the construction of the food store with self-service gasoline facilities.

The testimony is in dispute as to whether the above mentioned "plot plan" was submitted to the administrator of the Planning Board along with the letter. The administrator would not sign the letter as submitted, but struck out the signature lines and, below the submitted letter, typed and signed the following on the same paper:

"There are no zoning regulations in Charleston County as to this date, July 16, 1971. It has been publicly stated by the County Council that the proposed zoning ordinance for Charleston County will be enacted by August 18, 1971. The proposed use is not compatible with the proposed zoning classification for that area, however, if construction is started prior to enactment date, the use may be permitted to remain as a legal non-conforming use."

Thereafter, on July 30, 1971, respondent obtained the building permit from the Director of Building Inspection upon the basis of structural plans for a food store. The plans submitted as the basis for the permit made no reference to, or provision for, gasoline tanks, pumps, service island, or electrical wiring for such facilities.

The controversy centers around the foregoing letter signed by the administrator of the Planning Board. Respondent contends that he agreed to later issue a building permit

"according to the attached plot plan" which provided for the installation of facilities for the sale of gasoline. Appellants contend, on the other hand, that (1) the "plot plan" referred to was never submitted to the administrator and (2), in any event, the signature of the administrator only applied to the portion of the letter which he typed on the paper and not to that portion relied upon by respondent. We need not pursue the factual dispute as to the contents of the letter.

There is testimony to sustain the contention of both the appellants and the respondent as to whether the signature of the administrator was ever intended to apply to the portion of the writing proposed by respondent and as to whether the "plot plan" was ever submitted or shown to the administrator of any other representative of the Planning Board. The decision of the Board of Adjustment resolves this factual issue against respondent and, having support in the record, is binding on appeal.

No contention is made that the public officials were chargeable with notice of respondent's intended additional use of the property other than through the above "plot plan," which the officials contend was never submitted to them.

Since the findings of the Board of Adjustment are supported by the evidence, the judgment of the lower court is reversed and the cause remanded for entry of judgment in accordance with the decision of the Board of Adjustment.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.