20204

James C. CHRISTY, Respondent, v. William HARLESTON, his agents and servants, and his successors in office, Appellants.

(223 S. E. (2d) 861)

*Messrs. Ben Scott Whaley* and *Leonard L. Long, Jr.,* of Charleston, *for Appellants,*

*George J. Morris, Esq.,* of *Hollings, Hawkins & Morris,* Charleston, *for Respondent,*

April 6, 1976.

LITTLEJOHN, Justice:

Respondent James C. Christy brought this action to enjoin William Harleston, the Charleston County Building Inspector, appellant, from prosecuting him for allegedly using a garage in violation of the county zoning ordinance. The Charleston County Court effectually granted the injunction, finding that the use of the garage was a permissible nonconforming use of Christy's property under the ordinance. We reverse.

In 1970, Christy bought a parcel of real estate, residential in nature, in Charleston County. On this property was located a dwelling house and an old, dilapidated garage building, all of which, in addition to the land, was used to carry on his heating and air-conditioning business. The garage was used for the storing of equipment incident to the business.

About one year after the purchase was made, the county zoning ordinance was enacted. Approximately one month after its enactment, Christy filed two applications for permits, one with the building authorities and the other with the zoning authorities, to construct a new "two-car garage" to replace the old one. Both permits were routinely granted, based on the information supplied in the applications, without an inspection of the premises. It is apparent that neither authority which granted the permits was aware of the fact that Christy planned to use the new garage to be constructed for the continuation of a nonconforming use.

Christy proceeded to tear down the old garage and replace it with a new one. Immediately, he began using it,

as he had the old one, for commercial purposes in his business. Additionally, Christy built a small shed next to the garage, which he also used for storage.

The zoning ordinance designated Christy's property for one-family residential use only. However, the ordinance permitted the continuation of "nonconforming uses" of both land and structures under certain conditions, providing such use existed at the time the ordinance was adopted.

In 1974, Christy was advised that continued use of the garage and shed for commercial purposes was in violation of the zoning ordinance. For about two months, he removed his business equipment from the structures, but thereafter began using them again for storage. He was thereupon summoned to magistrate's court and charged with a violation of the ordinance. Christy then petitioned the county court to enjoin his prosecution for commercial use of the garage.

After a nonjury hearing, the court ruled that the new garage was merely an enlargement or extension of a permitted nonconforming use, and held that Christy could continue using the garage for commercial purposes.

The Charleston County Ordinance, like similar zoning ordinances, seeks to permit and regulate nonconforming uses in the reasonable hope that, eventually, such uses will be eliminated in residential areas, without unnecessary hardship to persons owning property in the newly restricted areas.

Section 30.50.20 provides:

"The lawful use of a structure, existing at the time of the adoption of this ordinance . . . although such use does not conform to the provisions hereof, may be continued and . . . such use may be extended throughout the structure, provided that no structural alterations are made, other than those necessary to assure the safety of the structure . . . ."

A perusal of the relevant sections of the ordinance, particularly the above section, convinces us that the lower

court's conclusion that the ordinance permits the construction of a new structure to be used for an existing nonconforming use is erroneous. An existing structure, being used for a permissible nonconforming use, may only be altered to assure safety.

Section 30.50.70 of the ordinance provides:

"No building or structure damaged by fire or other causes to the extent of 50% or more of its appraised value shall be repaired or replaced except in conformity with the regulations of this ordinance."

To allow the landowner to demolish a building and replace the same for a continued nonconforming use is completely inconsistent with both sections quoted hereinabove.

. The interpretation which Christy seeks in this action would allow nonconforming uses to be extended indefinitely, merely by replacing the buildings. Such is entirely inconsistent with the general intention of the zoning ordinance.

In 87 A. L. R. (2d) 4 (1963), there are collected numerous cases concerning replacement of existing nonconforming structures, or structures in which a nonconforming use is carried on. The decisions are conflicting, but two principles are clear from reading the cases. First, whether construction of a new structure to house an existing nonconforming use is permissible, depends primarily on the applicable zoning ordinance. Secondly, the intention of all zoning laws, as regards a nonconforming use of property, is to restrict and gradually eliminate the nonconforming use.

Under the provisions of the ordinance, we conclude that Christy may not carry on his nonconforming use of his property in the new garage or shed.

Christy's argument that the county should be estopped to deny the validity of the permits granted to him is unfounded.

The applications submitted by Christy, for the building and zoning permits, did not indicate the commercial purpose for which the garage and shed would be used.

Accordingly, the order of the court below is

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.