0902

William J. BAILEY, Respondent v. J. D. RUTLEDGE, Lucille Battle, William Steele, Paul H. Shelton, Jr., and Alvin Gainey, as Members of the Board of Adjustment of the City of Seneca, Appellants.

(354 S. E. (2d) 408)

Court of Appeals

*John W. Fields*, Seneca, and *Alexander S. Macauley*, of *Miley & Macaulay, P.A.*, Walhalla, *for appellants.*

*N. Gruber Sires, Jr.*, Seneca, and *Theodore A. Snyder, Jr.*, Walhalla, *for respondent.*

Heard Feb. 24, 1987.

Decided March 16, 1987.

CURETON, Judge:

In this zoning appeal, the circuit court reversed a decision of the Board of Adjustment of the City of Seneca which denied respondent William J. Bailey's request for a variance to the City's zoning ordinance to permit an addition to his child care facility. We reverse.

In 1978, a child care center was established on the lot involved in this appeal. Effective January 1, 1984, the City of Seneca revised its zoning ordinance so that the day care center was placed in a R-15 (one-family residential) zone. Child care centers are not permitted in R-15 zones; however, the ordinance permitted the child care center to continue to operate in the zone as a nonconforming use.

Bailey purchased the center in September 1984. In 1985 he applied to the Board of Adjustment for a variance for permission to enlarge "a nonconforming use for [the] addition [of] 1 classroom 24' times 36'." After a hearing, the Board of Adjustment denied Bailey's request. Bailey then appealed to the circuit court.

In his appeal to the circuit court, Bailey contended that as a matter of law he had a vested right to construct the addition to his child care facility as part of a prior nonconforming use. He also contended that the action of the Board of Adjustment in denying the variance was arbitrary and capricious. The Board responded to Bailey's appeal and petition for review of its actions by alleging that under the City's zoning ordinance a nonconforming use could not be enlarged or altered without a variance, and that the variance had been properly denied.

Relying on the case of *Conway v. City of Greenville*, 254 S. C. 96, 173 S. E. (2d) 648 (1970), the trial court held that Bailey had acquired a vested right to use his entire lot for child care purposes, because the facts demonstrated that the entire lot had been appropriated to child care use before the zoning ordinance was amended.

We are asked first to decide whether an owner who purchases property after the effective date of a change to a zoning ordinance acquires a vested right to enlarge a non-

conforming use in violation of the zoning ordinance. To properly focus on this issue, we note that the issue here presented does not involve the right of a land owner to continue a nonconforming use as in *James v. City of Greenville*, 227 S. C. 565, 88 S. E. (2d) 661 (1955). Nor does it involve a factual determination whether a property owner was using all of his property for a specific purpose prior to the advent of zoning as was the case in *Conway v. City of Greenville*, *supra*. Rather, Bailey's application for a variance, the minutes and transcript of the Board's proceedings, and the Board's decision, all indicate that the sole issue before the Board was whether the granting of the requested variance amounted to an enlargement of a nonconforming use.

In general, the policy of the law is to look with disfavor on the continuation of nonconforming uses. It has been frequently pointed out that nonconforming uses are inconsistent with the purpose of zoning regulations to confine certain classes of uses and structures to certain locations. 82 Am. Jur. (2d) *Zoning and Planning* Section 191 (1976). As stated in *Christy v. Harleston*, 266 S. C. 439, 223 S. E. (2d) 861 (1976), "the intention of all zoning laws, as regards a nonconforming use of property, is to restrict and gradually eliminate the nonconforming use."

Under Section 6-7-720, Code of Laws of South Carolina 1976, the City of Seneca is authorized to enact legislation regulating the continuation of nonconforming uses. In accordance with this authority the City enacted Section 708 of its zoning ordinances which provides:

> Nonconforming buildings or land uses are declared by this Ordinance to be incompatible with permitted uses in the districts involved. However, to avoid undue hardship, the lawful use of any building or land uses at the time of the enactment of this Ordinance may be continued . . . , except that the nonconforming building or land use or portions thereof, shall not be:
>
> \* \* \* \* \* \*
>
> e) Enlarged or altered in a way which increases its nonconformity.

The extent of Judicial review of the decision of the Zoning Board is governed by Section 6-7-780, Code of Laws of South Carolina, 1976 as follows:

> The findings of fact by the board of appeals shall be final and conclusive on the hearing of such appeal. In determining the questions presented by the appeal the court shall determine only whether the decision of the board is correct as a matter of law.

Therefore, we must affirm the factual findings of the Board of Adjustment if there is any evidence to support them and such findings are not influenced by an error of law. *City Ice Delivery Company v. Zoning Board of Adjustment for Charleston County*, 262 S. C. 161, 203 S. E. (2d) 381 (1974). The Board of Adjustment found that the addition Bailey proposed to erect amounted to the enlargement of a nonconforming use. This finding is supported by evidence. Moreover, Bailey could hardly complain of the Board's finding because his application for a variance indicates that the proposed construction would constitute an enlargement of a nonconforming use.

Likewise, we find no error of law committed by the Board of Adjustment in denying Bailey's request for a variance. Under the terms of the zoning ordinance, the Board had the discretion to grant the variance if it determined that to do so would not be contrary to the public interest. The Board found that it would be in the best interest "of the City" to deny the variance. We cannot hold as a matter of law that this was error.

While the trial court based its decision on the *Conway* case, we do not see that decision as particularly helpful to Bailey. In *Conway*, the court simply determined that the "appellant, at the time of the annexation of the property to the city, had acquired a vested right to use the entire area for the purpose of operating her construction business thereon." It did not decide that she could enlarge that use by constructing a shopping center on her property as she had requested. The court remanded that issue saying that "the right of appellant to now use the property for a shopping center is for the city to determine. . . ." The effect

of *Conway* was to preserve the owner's right to use her *entire tract* for the purpose for which she had been using it prior to zoning. Here, the actions of the Zoning Board did not in any way preclude Bailey from using his property in the same manner it was used prior to the time the zoning ordinance was amended.

Finally, Bailey argues that the decision of the Board of Adjustment was arbitrary and capricious. The circuit court made no determination on this issue nor has Bailey raised by an additional sustaining ground the failure of the trial judge to rule that the actions of the Zoning Board were arbitrary and capricious. We must therefore decline to consider this argument because it was not ruled on by the circuit court. *Bouchette v. International Ladies Garment Worker's Union*, 245 S. C. 586, 141 S. E. (2d) 834 (1965); *Davidson v. Eastern Fire & Casualty Insurance Co.*, 243 S. C. 338, 134 S. E. (2d) 80 (1963); *Frederick v. Standard Warehouse Co.*, 239 S. C. 216, 122 S. E. (2d) 425 (1961).

The order of the circuit court is

Reversed.

SANDERS, C. J., and GOOLSBY, J., concur.