### 1048

James H. BYRUM, Respondent v. BOARD OF ADJUSTMENT FOR the TOWN OF SULLIVAN'S ISLAND, Joel Ford, Zoning Administrator for the Town of Sullivan's Island, Appellants.

(362 S. E. (2d) 890)

Court of Appeals

▮

---

[1] There is no evidence in the record Ro-Lo subsequently leased the trailers and tractor to another party.

*Lawrence A. Dodds, Jr.*, Mt. Pleasant, *for appellants.*

*Michael A. Molony*, of *Young, Clement, Rivers & Tisdale*, Charleston, and *W. Elizabeth Crum*, of *McNair Law Firm, P.A.*, Columbia, *for respondent.*

Heard Oct. 13, 1987.

Decided Nov. 23, 1987.

GARDNER, Judge:

The appealed order reversed a ruling by the Zoning Board of Adjustments (the Board) of the Town of Sullivan's Island denying a request by James H. Byrum (Byrum) for a variance to a zoning ordinance.

The sole issue of merit is whether the trial judge erred in holding that the rental activity involved less than 25 percent of the total floor space of the house and therefore a variance was not needed by Byrum.

The scope of review of the trial judge was limited to ascertaining whether the Board's findings are supported by any evidence of record and not influenced by errors of law. *City Ice Delivery Co. v. Zoning Board of Adjustment for Charleston County*, 262 S. C. 161, 203 S. E. (2d) 381 (1974).

Byrum is a non-resident owner of a house on Sullivan's Island. The property is located in a residential district permitting only single-family residences and customary home occupations. The house is rented by Byrum to his parents who conduct the activities hereinafter detailed.

Byrum purchased the property in 1978. The house was

substantially damaged by fire in 1983; thereafter, Byrum renovated the house with six separate bedrooms and baths. The Byrums successfully obtained business licenses for 1983 and 1984 for single-family rental of the entire house. The town denied Byrum's request for a license for 1985. In 1983 and again in 1985, the town advised Byrum in writing that the operation of a boarding or lodging house violated the town's zoning ordinance. Byrum requested a variance to allow his parents to continue renting rooms as a home occupation and in his request enclosed a shaded diagram showing that 33⅓ percent of the residence was being rented. Byrum later met with the board and presented his own affidavit, an affidavit from his father who actually lived in the house and an affidavit from a neighbor, Laura Jones.

Also before the Board was a picture of the house, a diagram or a floor plan of the house, a newspaper advertisement, an advertisement pamphlet and a "directory of hotel-motel discounts for state employees."

In Byrum's attorney's letter requesting a variance, he states "as you can see, approximately one-third of the square footage of the house is used for guest purposes."

The newspaper advertisement is as follows:

> BED AND BREAKFAST. Restored 1880's beach house near Ft. Moultrie. 10 miles from historic Charleston. J. Byrum, Box 706, Sullivan's Island, S. C. 29482 (803) 883-3389.

The Byrums advertise the house as "The Palmettos" and in the brochure there is an attractive sketch of the house and in large letters it is described as "A Guest House" and, in pertinent part, reads:

THE PALMETTOS

\* \* \* \* \* \*

> You are invited to share a continental breakfast in the dining room or on the side screened porch.

\* \* \* \* \* \*

> A large fireplace in the Great Room and a large old-fashioned kitchen are part of an ambiance that make

the house a special environment for relaxation and recreation. Several screened porches offer many nooks to while away the hours. . . .

The directory for state employees advertises The Palmettos as providing a banquet and meeting room for 16 persons.

The Board in a letter addressed by Byrum's attorney stated that it was the opinion of the Board that Mr. Byrum was using considerably more than 25 percent, or even 33 percent, of the building for the rental or accommodations and that it was also the opinion of the Board that such a use is not allowed under the zoning ordinances of Sullivan's Island.

Section 21-29 of the Zoning Ordinance entitled "Home Occupation" provides, *inter alia*, that a home occupation shall be permitted in any residential district provided that such occupation utilizes not more than 25 percent of the total floor area of the principal building.

Section 21-3 of the ordinance further defines home occupation as follows:

> *Home occupation.* Any use conducted entirely within a dwelling and carried on by the occupants thereof, which use is clearly incidental and secondary to the use of the dwelling for residential purposes and does not change the character thereof, and no person, not a resident of the premises, is employed specifically in connection with the activity. Provided, further that no mechanical equipment is installed or used except such as is normally used for domestic or professional purposes, and that not over twenty-five (25) percent of the total floor space of any structure is used for home occupation.

The appealed order first held that all of the floor space or area including porches and decks shown on the floor plan should be included in calculating the total floor space or area of the residence. The trial judge, using a complicated formula, held in the appealed order that the guest bedrooms and baths occupied only 24.886 percent of the total floor space as he defined it. We hold, however, that there is substantial evidence to support the finding of the zoning board that considerably more than 25 percent, and even

more than 33 percent, of the available floor space, was being used for home occupation purposes.

There was evidence before the Board that Byrum held out his premises as having for rent five bedrooms with separate baths and heating and cooling units. The renters were invited for free breakfast served on the porch and in the dining room. Byrum also advertised the existence of a banquet and meeting room that could seat up to 16 persons. If the rented bedrooms and baths, the kitchen where breakfast is prepared for the renters, the dining room and porches where the renters eat and the meeting room were included in the area for home occupation use, the only area not so used in the house would be the Byrum's bedroom and bath.

The record, however, does not reflect how often the guests use the dining room, porches and banquet room; however, allotting only a small percentage of the use of these rooms to home occupation use, as we must, to the 24.886 percent found by the appealed order as being that percentage of the house constituting guest bedrooms and baths, there is substantial evidence of record that the home occupation use of the house far exceeds the 25 percent permissible use. And we so hold.

Since the scope of review of the trial court was limited to ascertaining whether there was any evidence of record to support the finding of the Board and since we hold that there is evidence of record supporting the proposition that the home occupation use of the house exceeds the 25 percent permissible use, we hold that the appealed order is erroneous and for this reason is reversed.

Reversed.

SANDERS, C. J., and GOOLSBY, J., concur.