1331

CONDOR, INC., Respondent/Appellant v. CITY OF NORTH CHARLES-TON, and A. J. Esclavon, as building and zoning official of the City of North Charleston, Appellants/Respondents.

(380 S. E. (2d) 628)

Court of Appeals

*James E. Gonzales,* North Charleston, *for appellants-respondents.*

*Peggy M. Chandler,* Charleston, *for respondent-appellant.*

Heard March 21, 1989.

Decided April 24, 1989.

GOOLSBY, Judge:

The dispositive issue in this action brought by Condor, Inc., against the City of North Charleston and its building and zoning inspector, A. J. Esclavon, is whether Condor's lawful nonconforming use of the first floor of a two-story building as an adult book and video store before the effective date of a restrictive zoning ordinance manifestly implies an appropriation of the building's second floor for use as an adult book and video store where the second floor could not lawfully have been used for commercial purposes prior to the adoption of the ordinance.

The building involved in the present controversy is a two-story structure located on Rivers Avenue in North Charleston. Built in 1975 for commercial use, the owner added two apartments to the building's second floor in 1976 when a tackle shop occupied its first floor. Outside stairways on opposite ends of the building provided access to each apartment.

Condor obtained a lease to the building in 1983 and has operated an adult book and video store on its first floor ever since. When Condor first leased the building, one apartment stood vacant and the other served as the living quarters of a Condor employee.

Several months after Condor acquired the building, it began to experience a space problem downstairs. In an attempt to alleviate the problem, Condor moved video tapes upstairs, tore down an interior wall, put up shelving, and used the altered second-floor space to rent video tapes to customers who walked up an outside stairway. Later, Condor removed two other interior walls, including one separating the two apartments, added more shelving, and constructed an interior stairway connecting the first and second floors. Condor also used other portions of the upstairs to store supplies and inventory.

North Charleston adopted a zoning ordinance on March 27, 1986, that prohibits adult book stores and similar establishments from locating within 1,000 feet of a residential zoning district, dwelling, church, or park and within one mile of a school. Condor's business is within a prohibited area.

Following the adoption of the zoning ordinance, Condor applied for building and occupancy permits for the upstairs portion of its business. When North Charleston refused to issue the permits, Condor brought the instant action. Condor claimed its store operations on the first floor and its use of the second floor in connection with those operations prior to the enactment of the ordinance entitled it to extend the store's nonconforming use to the second floor after the effective date of the ordinance.

At trial, Condor stipulated its prior use of the second floor for commercial purposes was done without Condor's having obtained the "building permits and occupancy permit" that would have allowed it to use the second floor lawfully for commercial purposes.

The trial court issued a writ of mandamus directing North Charleston and Esclavon to issue Condor the permits sought by Condor and it enjoined North Charleston and Esclavon from interfering with Condor's business. The trial court, relying on *Conway v. City of Greenville*, 254 S. C. 96, 173 S. E. (2d) 648 (1970), found Condor's use of the building before the zoning ordinance became effective operated to extend the nonconforming use to the second floor.

The trial court's conclusion, however, is bottomed on an error of law and, therefore, must be reversed. *See Snell v.*

*Parlette,* 273 S. C. 317, 256 S. E. (2d) 410 (1979) (a trial judge's findings of fact in a law case are conclusive on appeal unless controlled by an error of law).

As our Supreme Court observed in *Conway,*

> The question of whether a partial use of a tract for a business purpose preempts the entire tract for such purpose must necessarily be determined from the facts of each case. The fact that the nonconforming use did not embrace the entire tract is not conclusive of the issue. It is generally stated that "the criterion is whether the nature of the incipient nonconforming use, in the light of the character and adaptability to such use of the entire parcel, manifestly implies an appropriation of the entirety to such use prior to the adoption of the restrictive ordinance." [Omitting citations.]

254 S. C. at 102, 173 S. E. (2d) at 651.

In the instant case, the incipient nonconforming use, the use by Condor of the building's first floor as an adult book and video store, did not manifestly imply an appropriation of the whole building to such use before North Charleston adopted its ordinance regulating adult establishments. This is because the second floor, before the ordinance was adopted, could not lawfully have been used for any commercial purpose and adapted to a commercial use without an occupancy permit allowing it to be used for commercial purposes. Here, Condor had no permit allowing the building's second floor to be lawfully occupied for other than residential purposes prior to the adoption of the ordinance.

Before a nonconforming use of a limited portion of a structure may afford a vested right to extend the nonconforming use to the remainder of the structure, then, the remainder must have been capable of lawfully accommodating the nonconforming use prior to the restrictive ordinance's adoption. *See Friarsgate, Inc. v. Town of Irmo,* 290 S. C. 266, 349 S. E. (2d) 891 (Ct. App. 1986) (a condominium developer held not to have acquired a vested right to continue a nonconforming use where the developer had not obtained permits needed for construction prior to the adoption of the restrictive ordinance); *cf. Gross v. Allan,* 37 N. J. Super. 262, 117 A. (2d) 275 (1955) (a use that violates an

ordinance when it began cannot constitute a nonconforming use); *Town of Montclair v. Bryan,* 16 N. J. Super. 535, 85 A. (2d) 231 (1951) (a nonconforming use must have been lawful when instituted and actively and constantly maintained); 8A E. McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 25.186 at 34 (3d ed. 1986) ("[A] use must not only be commenced before a zoning restriction becomes effective, but also . . . must be lawfully established and operated" and "a use commenced in violation of a building code and continuing in violation thereof when a zoning ordinance prohibiting the . . . use is enacted is not entitled to the status of a lawful nonconforming use under the zoning ordinance."); 62 C. J. S. *Municipal Corporations* § 226(19)b at 496 (1949) ("The rule permitting a landowner to continue a nonconforming use of property . . . applies only to a lawful nonconforming use which existed at the time of promulgation of the zoning ordinance. . . .").

Our conclusion is consistent with the spirit underlying zoning, which "is to restrict nonconforming uses rather than to permit their increase, extension, or enlargement," and with the objective of zoning, which is " to eliminate nonconforming uses." C. RHYNE, MUNICIPAL LAW § 32-28 at 907 (1957); *Christy v. Harleston,* 266 S. C. 439, 223 S. E. (2d) 861 (1976); *Bailey v. Rutledge,* 291 S. C. 512, 354 S. E. (2d) 408 (Ct. App. 1987).

Moreover, our conclusion is consistent with that reached by the Supreme Court in *Conway.* In the latter case, there is no suggestion that the remainder, as here, could not have been lawfully devoted to the nonconforming use before the effective date of the ordinance.

Accordingly, the judgment is

Reversed.

SHAW and BELL, JJ., concur.