1224

Harry J. NORWOOD, Deceased Employee, Sandra G. Norwood, Appellant v. AMERICAN TOBACCO COMPANY, Employer, and Liberty Mutual Insurance Company, Carrier, and Michele Denise Lowder, G.A.L. for Josephine Marie Lowder, a Minor, Respondents.

(373 S. E. (2d) 694)

Court of Appeals

*Charles E. Godwin*, Lake City, and *R. Bryan Harwell*, Florence, *for appellant.*

*Brown W. Johnson*, Florence, and *M. D. Shuler*, Kingstree, *for respondents.*

Heard Sept. 18, 1988.

Decided Oct. 24, 1988.

*Per Curiam:*

Harry J. Norwood, an employee of American Tobacco Company (employer), died under circumstances entitling his dependents to benefits under the Workers' Compensation Act. The employer and the carrier, Liberty Mutual Insurance Company, admitted liability and asked the Industrial Commission to determine to whom benefits were due.

In August 1985, after a hearing, the Commission determined that Sandra Norwood, the widow, was Harry Norwood's sole dependent. Subsequently, Michele Lowder notified Liberty Mutual of her claim that her child, Josephine Marie Lowder, is Harry Norwood's daughter. Lowder's attorney filed a Form 50 seeking dependent benefits for the child.

On December 17, 1985, Liberty Mutual filed an application to stop its payments to Mrs. Norwood based on Lowder's claim. That same day, apparently aware of Lowder's claim, Mrs. Norwood moved to require Liberty Mutual to bring payments current and pay a penalty for unauthorized suspension of payments.

Subsequently, Mrs. Norwood received notice of a hearing scheduled for March 14, 1986, "to determine if the employer/ carrier may stop payments of compensation and if so, to determine the claimant's further entitlement to medical benefits, compensation for disability, serious disfigurement or any compensable element under the law." The notice referred to the Lowder claim.

When the parties appeared before the single commissioner on March 14, 1986, Mrs. Norwood objected to taking evidence on the question of whether the child is Norwood's dependent on the basis that the notice of hearing did not alert her that issue was to be considered. Mrs. Norwood argued the only issues properly before the commissioner were whether the carrier could stop payments based on such a claim, whether the question of dependency could be reopened when no provision therefor appears in the Workers Compensation Act, whether the carrier had stopped payments without authority and should be required to resume them, and whether a penalty should be assessed.

Over Mrs. Norwood's objections, the commissioner took evidence on the question of the child's dependency, allowing

Mrs. Norwood to cross-examine Lowder's witnesses and offer rebuttal. The commissioner then granted Mrs. Norwood an adjournment until April 17, 1986, to prepare to offer further rebuttal to Lowder's claim. After taking further evidence at the April hearing, the single commissioner determined Josephine Marie Lowder is the minor dependent child of Harry Norwood and entitled to receive one-half of the benefits due under the Act.

Both the full commission and the circuit court affirmed. We also affirm.

## ISSUES

The issues to be resolved are: (1) whether the commissioner committed prejudicial error by taking evidence on March 14, 1986, on the issue of the child's dependency because Mrs. Norwood had no prior notice that question would be litigated then; (2) whether the commissioner had authority to redetermine Harry Norwood's dependents after another commissioner had entered a final order finding Mrs. Norwood to be his sole dependent; (3) whether the circuit court committed prejudicial error by applying the wrong test of sufficiency of the evidence.

## 1. NOTICE

On appeal from the Industrial Commission, a reviewing court "may reverse or modify the decision if substantial rights of the appellant have been prejudiced ..." Section 1-23-380(g), Code of Laws of South Carolina (1976); *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). Assuming arguendo that the notice of the March hearing was inadequate and failed to notify Mrs. Norwood of the issues to be litigated then, it appears that rather than suffering prejudice Mrs. Norwood had the unusual benefit of 32 days between the hearings to prepare her rebuttal to Lowder's evidence. Nothing in the record indicates any witnesses examined at the March hearing could not or would not appear for the April hearing. We hold that in the circumstances Mrs. Norwood suffered no prejudice.

## 2. REDETERMINATION OF DEPENDENTS

This issue was laid to rest in *Airco, Inc. v. Hollington,* 269 S. C. 152, 236 S. E. (2d) 804 (1977) which, as far as is relevant to the issue of the commissioner's authority, is procedurally identical to the case now before us. *Airco* held that where a dependent had no notice or knowledge of the initial dependency hearing and was not a party to or otherwise represented in it, *res judicata* does not foreclose that dependent's claim for benefits. Such are the facts in this case. We hold *Airco* is controlling here, and that the second commissioner had authority to determine Lowder's claim.

## 3. EVIDENCE

Substantial evidence in the record before us supports the commission's determination that the minor child is Harry Norwood's daughter and entitled to benefits. We therefore hold Mrs. Norwood suffered no prejudice by the circuit court's purported application of the "competent evidence" standard in its review. *Mitchem v. Fiske-Carter Const. Co.* 278 S. C. 180, 293 S. E. (2d) 701 (1982) (The circuit court and the Supreme Court are bound by the decision of the Industrial Commission unless clearly erroneous in view of substantial evidence on whole record.).

For the reasons stated, the appealed award is affirmed.

Affirmed.