602 S.E.2d 76

**CLEAR CHANNEL OUTDOOR, f/k/a Eller Media, Respondent,**

v.

**The CITY OF MYRTLE BEACH, and The City of Myrtle Beach Board of Zoning Appeals, Appellants.**

No. 3849.

Court of Appeals of South Carolina.

Heard May 13, 2004.

Decided July 19, 2004.

Rehearing Denied Sept. 23, 2004.

460

Frances I. Cantwell and William B. Regan, both of Charleston, for Appellants.

Douglas M. Zayicek and Howell V. Bellamy, Jr., both of Myrtle Beach, for Respondent.

BEATTY, J.:

Myrtle Beach appeals from a circuit court order reversing a billboard permit denial by the Myrtle Beach Board of Zoning Appeals. Myrtle Beach asserts the circuit court improperly characterized the Board's scope of review and misapplied the city's zoning ordinance. We reverse.

## FACTS

On July 6, 2001, a tornado struck Myrtle Beach, destroying a billboard owned and operated by Respondent Clear Channel Outdoor. The tornado's winds fractured the billboard's structural support beams in excess of their yield points and caused the billboard to fall over and across an adjacent parking lot. For reasons of safety, Clear Channel removed the entire sign structure from the site, preserving evidence of the damage by photographs. When the City of Myrtle Beach (the "City") studied the site to complete a storm damage assessment, the

City discovered that Clear Channel's billboard, which was previously thought to be a single billboard, had actually been two separate billboards: one supported by 4 I-beams and the other supported by 3 I-beams.

After an initial inquiry with the City's zoning staff regarding replacing the downed billboards with a single pole structure, Clear Channel's real estate manager was advised that a permit to replace the signs would not be issued because section 902.9.1 of Myrtle Beach's zoning ordinance prohibited the construction of new billboards within the city. On July 23, 2001, Clear Channel formally applied for a permit to replace the fallen billboards with a new monopole structure. By letter dated July 30, 2001, the City's zoning administrator denied the permit on the same grounds that had been previously stated.

Following the zoning administrator's decision, Clear Channel appealed to the Board of Zoning Appeals. The Board found that Clear Channel's closely spaced billboards did not conform to the requirement in section 902.7.2.c.2 that a distance of 750 feet separate billboards. The Board concluded that section 902.8.3.d prohibited the re-establishment of the nonconforming billboards because the damage was such that the structural supports had fractured or exceeded their yield points.[1] Additionally, the Board concluded that Clear Channel was not proposing to restore the billboards, but to construct a completely new one, and to issue such a permit would contravene the prohibition of new billboards after February 10, 1998 in section 902.9.1 of the ordinance.

On December 3, 2001, Clear Channel appealed to the circuit court, which first upheld the Board's decision, but then vacated the first order and reversed the Board's decision following a motion to reconsider filed by Clear Channel. The circuit court's second order specifically found: 1) the order prepared by the City contained incorrect and unintended findings and conclusions; 2) the City misconstrued and misapplied its ordi-

---

1. Myrtle Beach's Code section 902.8.3.d states, in pertinent part, "[t]he right to maintain any nonconforming sign shall terminate and shall cease to exist whenever the sign structure is destroyed, or is damaged as described in subsection 902.4.6.e...." Section 902.4.6.e states that a sign is damaged when the structural support has failed either by fracture or by exceeding its yield point.

nances; and 3) Clear Channel did not lose its rights based on an act of God. This appeal follows.

## STANDARD OF REVIEW

A zoning board's findings of fact are final and conclusive on appeal and should be treated in the same manner as a finding of fact by a jury and the court may not take additional evidence. S.C.Code Ann. § 6–29–840(A) (Supp. 2003). Appeal to the circuit court is only for a determination of whether the board's decision is correct as a matter of law. On appeal from the circuit court, the Zoning Board's decision should not be interfered with unless it is arbitrary or clearly erroneous. *Heilker v. Zoning Bd. of Appeals*, 346 S.C. 401, 406, 552 S.E.2d 42, 44 (Ct.App.2001); *Rest. Row Assocs. v. Horry County*, 327 S.C. 383, 389, 489 S.E.2d 641, 644 (Ct.App. 1997).

## ISSUES

1. Did the trial court err in holding that the Board of Zoning Appeals was precluded from considering provisions of the sign ordinance other than Section 902.9.1 in its deliberations?

2. Did the trial court err in its application of the sign provisions of the Myrtle Beach Zoning Ordinance to the facts of this case?

3. Did the trial court err in holding that Clear Channel had a vested right to construct a new billboard, despite the level of damage that had been sustained by the old billboard?

## LAW/ANALYSIS

In reversing the Board's decision, the circuit court held "[t]he record showed Section 902.9.1 was the sole basis for the Zoning Administrator's denial of the permit, and no other issue was properly before the Board of Zoning Appeals." Appellant contends this was in error because the Board was not restricted to consideration of section 902.9.1 of the zoning ordinance in assessing the denial. We agree.

■ The Board of Zoning Appeals exercises substantial power in its review of Zoning Administrators' decisions. Few restrictions encumber the scope of the Board's authority:

[T]he board of appeals may . . . reverse or affirm, wholly or in part, or may modify the order, requirements, decision, or determination, and to that end, has all the powers of the officer from whom the appeal is taken and may issue or direct the issuance of a permit.

S.C.Code Ann. § 6–29–800(E) (Supp.2003).[2]

Section 504.1 of Myrtle Beach's zoning ordinance further empowers the Board to "make such order, requirement, decision or determination as ought to be made." Rather than binding the Board to the conclusion or reasoning of the zoning administrator, the forgoing statute and ordinance authorizes the Board to review the basis of the zoning administrator's decision, consider the basis of the appeal, and apply the appropriate provisions of the zoning ordinance as dictated by the facts before it. Accordingly, the circuit court erred in limiting the Zoning Board's review to one section of the City's zoning ordinance.

■ Appellant next contends that the circuit court erred in determining that the Board misconstrued provisions of the zoning ordinance. We agree.

■ Courts are bound to afford substantial deference to the decisions of those charged with interpreting and applying local zoning ordinances. *Purdy v. Moise*, 223 S.C. 298, 302, 75 S.E.2d 605, 607 (1953) ("[T]his construction of its own ordinance, the enforcement of which it is charged with, should be given some consideration and not overruled without cogent reason therefore."). "The circuit court should not disturb the findings of the board unless the board has acted arbitrarily or in an obvious abuse of discretion, or unless the board has acted illegally or in excess of its lawfully delegated authority." *Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987). As a consequence, a court must "refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision." *Peterson Outdoor Adver. v. City*

---

2. Amendments enacted in 2003 changed the designation of this portion of the statute from (D) to (E); no substantive changes were made.

*of Myrtle Beach,* 327 S.C. 230, 235, 489 S.E.2d 630, 633 (1997). To this end, a court will uphold the decisions of a reviewing body if there is any evidence in the record to support its decision. *See Historic Charleston Found. v. Krawcheck,* 313 S.C. 500, 505–06, 443 S.E.2d 401, 405 (Ct.App.1994) (stating an appellate court should not reverse the circuit court's affirmance of a Board unless the Board's findings of fact have no evidentiary support or the Board commits an error of law).

 As with statutes, the lawmakers' intent embodied in an ordinance "must prevail if it can be reasonably discovered in the language used." *Charleston County Parks & Recreation Comm'n v. Somers,* 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995). We review a zoning ordinance to give it a "practical, reasonable and fair interpretation consonant with the purposes, design, and policy of the lawmakers." *Id.* at 68, 459 S.E.2d at 843.

In this case, the purpose behind the ordinance's treatment of nonconforming signs was explicitly codified in section 902.8.1 as follows:

> Signs which were in existence prior to August 7, 1979, which do not conform to the provisions of this ordinance are declared nonconforming signs. It is the intent of this section to recognize that the eventual elimination, as expeditiously and fairly as possible, of nonconforming signs is as much a subject of health, safety and welfare as is the prohibit[i]on of new signs that would violate the provisions of the ordinance.

Thus, not only was the ordinance drafted to prevent the erection of new nonconforming signs, it also contemplates the elimination of then-existing nonconforming signs. In keeping with this intent, the ordinance states: "[T]he right to maintain any nonconforming sign shall terminate and shall cease to exist whenever the sign is destroyed." Because the zoning ordinance's spacing requirement rendered the billboards "nonconforming" and a tornado rendered them "destroyed," ample evidence in the record supports the Board's conclusion that Clear Channel did not have a right to erect a new billboard where the others had been. This conclusion is only reinforced by the ordinance's prohibition on new billboards in section 902.9.1. With the "any evidence" standard satisfied, rather

than substituting its judgment for that of the Board, the circuit court was bound to uphold the Board's decision. *Krawcheck,* 313 S.C. at 505, 443 S.E.2d at 405.

 Finally, Respondent asserts that a use, whether conforming or nonconforming, is not lost when the cause of the loss is beyond the property owner's control. We disagree and find that Respondent did not have a vested right to reconstruct a sign. "[T]he intention of all zoning laws, as regards a nonconforming use of property, is to restrict and gradually eliminate the nonconforming use." *Christy v. Harleston,* 266 S.C. 439, 443, 223 S.E.2d 861, 863 (1976). Legislative bodies of cities and incorporated towns may, by ordinance, regulate and restrict the location and use of buildings, structures and land for trade, industry, residence or other purposes. *Gurganious v. City of Beaufort,* 317 S.C. 481, 489, 454 S.E.2d 912, 917 (Ct.App.1995) (quoting S.C.Code Ann. § 5–23–10).

 The City's legislative body enacted section 902.8.3.d to eliminate nonconforming signs after the signs were destroyed or damaged to the extent of exceeding their yield points. Before any damage occurred, the signs' spacing rendered them nonconforming. There is no question that Clear Channel's signs were damaged beyond their yield points, as is evidenced by the need to remove the signs' debris. The extent of damage from the tornado created a need for new signs. Section 902.9.1 states that no new signs shall be constructed at any location within the city. "While a property owner has a constitutionally protected right to continue the use following enactment of a zoning ordinance, provisions terminating the nonconforming use upon destruction of a specified portion of the premises . . . are proper, so long as the maximum amount of destruction permitted . . . is reasonable." *Id.* at 490, 454 S.E.2d at 918. We conclude that the maximum amount of damage permitted by Myrtle Beach's zoning ordinance prohibiting the re-establishment of damaged or destroyed signs is reasonable. Construing Section 902.8.3.d with Section 902.9.1, we find Respondent did not have a vested right to re-establish the destroyed billboard.

## CONCLUSION

For the foregoing reasons, the decision of the trial court is **REVERSED.**

HEARN, C.J., and ANDERSON, J., concur.