THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John Dowling and Nancy Dowling, Appellants,
v.
City of Columbia, City of Columbia Board of Zoning Adjustments, and Nathaniel B. Land, Jr.,
Respondents.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2005-UP-571
Submitted October 1, 2005  Filed October 27, 2005

AFFIRMED

 
 
 
J. Edward Bradley and Katherine Carruth Link, both of West Columbia, for Appellants.  
Christa Tidwell Bell, of Columbia, for Respondents.
 
 
 

PER CURIAM:  John and Nancy Dowling appeal the zoning boards determination that their property lost its grandfathered status due to a change in use from a boarding house to a residential care facility.  We affirm.[1] 
FACTS
The Dowlings own property at 2906 River Drive in Columbia.  Prior to the area being zoned, the Dowlings were operating a boarding house at the location.  The current zoning, RG-1 (general resident district), went into effect in 1981, and the Dowlings applied for and received a certificate of non-compliance from the City of Columbia to allow the continued operation of their boarding house.  In 1982, the Dowlings applied for and were granted a license from the Department of Health and Environmental Control to operate the property as a residential care facility.  They operated the residential care facility on the property until 2000, at which time they resumed operation as a boarding house.  
After receiving complaints about the operation of the boarding house, the Citys zoning office conducted an inspection and investigation that revealed the DHEC license had expired and resumption of use of the premises as a boarding house violated zoning regulations.  The Dowlings were told to stop operation of the boarding house, or they would be fined for violation of the Citys zoning ordinances.  The Dowlings appeal was denied by the Citys Zoning Board of Adjustments, and the circuit court affirmed.  The Dowlings now appeal to this court.  
STANDARD OF REVIEW
In reviewing the issues on appeal, the court shall only determine whether the decision of the board is correct as a matter of law, and the boards decision will not be overturned on appeal unless it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion.  Austin v. Bd. of Zoning Appeals, 362 S.C. 29, 33, 606 S.E.2d 209, 211 (Ct. App. 2004).  An appellate court is to give substantial deference to the decisions of those charged with interpreting and applying local zoning ordinances.  Clear Channel Outdoor v. City of Myrtle Beach, 360 S.C. 459, 465, 602 S.E.2d 76, 79 (Ct. App. 2004).  
LAW/ANALYSIS
 

Section 17-202(e) of the City of Columbia Code of
Ordinances provides that [a] non-conforming use or characteristic of use
shall not be reestablished after vacancy, abandonment, or discontinuance for any
period of 12 consecutive months.  

Columbia
, 
S.C.

, Code § 17-202(e) (1998).  The
Dowlings contend they never discontinued operating a boarding house, and they
could not, therefore, have forfeited their right to operate a boarding house
pursuant to the 1981 certificate of non-compliance. 
They contend that a residential care facility is simply a specialized
type of boarding house, and the Board erred in finding otherwise. 
We disagree.  
 The Dowlings argue that a community residential care facility is included within the definition of boarding house as found in the Citys Code.[2]  However, the record shows that community residential care facility is separately defined in the code and emphasizes that its residents, unlike residents of a boarding house, require a degree of personal assistance.[3]  The record further shows that boarding houses are specifically excluded from RG-1 zoning while a facility such as the one operated by the Dowlings pursuant to their DHEC license is exempt from zoning under State law.[4]  Finally, boarding house and community care facilities have separate classifications in the SIC, a standardized industrial coding system adopted by the City for use in zoning.  Consequently, there is ample evidence in the record to support the Boards conclusion that a boarding house and a residential care facility are two distinct types of uses for property.  
 The Dowlings further argue that the City is estopped from claiming that the residential care facility was not concurrently a boarding house, because the City issued business licenses to the Dowlings for the operation of a boarding house from 1976 through 2001.  However, according to the Citys Zoning Administrator, classifications within the licensing division are fee-based and involve more generalized categories.  Furthermore, the only time the zoning department approves of the license is upon the initial issuance.  After that, the renewal of a license is more or less a routine matter of paperwork and the payment of fees.  There is no evidence in the record to suggest the City considered the residential care facility to constitute a boarding house for zoning purposes.
 Finally, the Dowlings argue that the character of their property never changed, and the board erred in holding that they failed to produce any evidence to support such a contention.  Again, we disagree.  It was incumbent upon the Dowlings to present evidence showing that the character of their property did not change.  However, there was no testimony or other evidence presented to that effect.  The Dowlings relied on the Citys awarding of the business licenses and the definitions in the code to make their case.  Those items do nothing to elucidate how the property was used by the Dowlings and therefore cannot support an argument that the character of the property remained unchanged.  
 For all of the foregoing reasons, we conclude the decision of the board was not arbitrary, capricious, or unreasonable.  Therefore, the decision of the circuit court is
 AFFIRMED.
 HEARN, C.J., STILWELL and KITTREDGE, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]        A rooming house or boarding house is any dwelling, other than a hotel or motel, in which more than three persons who are not members of the owners or operators family are housed or lodged in rooms used or intended to be used for living and sleeping but not for cooking or eating purposes, for compensation . . . .  Columbia, S.C., Code § 17-55 (1998).
[3]        Community residential care facility includes any institution, place, building or agency providing for a period exceeding 24 consecutive hours accommodation, board, and a degree of personal assistance in feeding, dressing or other essential daily living activities to two or more individuals not related to the administrator or owner . . . .  Columbia, S.C., Code § 17-55 (1998).
[4]        S.C. Code Ann. §6-29-770(E) (2004) provides that a home serving nine or fewer mentally or physically handicapped persons provided the home provides care on a twenty-four hour basis and is approved or licensed by a state agency or department or under contract with the agency or department for that purpose is not subject to the zoning ordinance.