642 S.E.2d 565

**CLEAR CHANNEL OUTDOOR, f/k/a Eller Media, Petitioner,**

v.

**The CITY OF MYRTLE BEACH, and The City of Myrtle Beach Board of Zoning Appeals, Respondents.**

No. 26272.

Supreme Court of South Carolina.

Heard Jan. 4, 2007.

Decided Feb. 20, 2007.

Howell V. Bellamy, Jr., and Douglas M. Zayicek, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Petitioner.

Frances I. Cantwell, and William B. Regan, both of Regan and Cantwell, LLC, of Charleston, for Respondents.

Justice BURNETT.

Clear Channel Outdoor (Petitioner) filed an application with the Zoning Administrator for the City of Myrtle Beach (the City) to replace its billboard. The application was denied. The City's Zoning Board of Appeals (the Board) upheld the Zoning Administrator's denial of the application. The circuit court initially upheld the Board's decision. The circuit court later vacated its first order and reversed the Board's decision. The Court of Appeals reversed. We granted Petitioner's writ of certiorari to review *Clear Channel Outdoor v. City of Myrtle Beach*, 360 S.C. 459, 602 S.E.2d 76 (Ct.App.2004), and we affirm.

## FACTUAL / PROCEDURAL BACKGROUND

On July 6, 2001, a tornado destroyed a billboard owned and operated by Petitioner. Petitioner applied for a permit to replace the billboard and the Zoning Administrator for the City denied the permit based on Section 902.9.1 of the city's zoning ordinances. Section 902.9 was adopted in February 1998. It prohibits the construction of new billboards.

Petitioner appealed to the Board, maintaining its billboard did not qualify as a new billboard, but as a replacement of an existing, conforming sign. Petitioner argued the replacement of the billboard would not violate Section 902.9.1's prohibition of new signs. Petitioner emphasized the billboard was conforming prior to its destruction according to the City's own inventory of billboards. Petitioner argued the permit should not be denied because it did not receive notice pursuant to Section 902.4.6 that its sign was in disrepair. Petitioner also argued that under Section 902.4.6.e, it had the right to restore, reconstruct, alter or repair the billboard as long as the reconstructed billboard conformed with all provisions of the current zoning ordinances.

The City argued the billboard was nonconforming prior to its destruction. This nonconformance was not discovered until the City inspected the site of the billboard after it was

removed[1]. Upon inspection, the City determined the billboard was actually two billboards inches apart in violation of Section 902.7.2.c.2 which prohibits the placement of billboards within 750 feet of one another. Section 902.8.3.d[2], therefore, applied to prevent the reconstruction of the billboard.

The City claimed it relied on Section 902.7.2.c.2 merely as a reply to Petitioner and the only section applicable to the controversy was Section 902.9.1. The City regarded Petitioner's application as one for a new billboard and not one to repair an existing billboard because there was nothing left to repair after Petitioner completely removed the destroyed billboard. The Zoning Administrator stated:

> I can't approve a permit to erect a billboard in the city....
> I could only issue a permit as long as [the proposed billboard] complied with all the other provisions of the ordinance and there's no way it could comply with 902.9.1 because that says there are no more billboards in the city.

The Zoning Administrator also claimed Section 902.9.1 rendered all existing billboards nonconforming. She noted, however, Petitioner's billboard had not been placed on an amortization schedule as had other nonconforming billboards.

The Board affirmed the Zoning Administrator and based the denial of the permit on Sections 902.9, 902.4.6, and 902.8.3. Petitioner appealed to the circuit court, arguing the Board erred by considering ordinances other than Section 902.9.1 when Section 902.9.1 was the Zoning Administrator's only basis for denying the permit. The circuit court affirmed but subsequently vacated its order, agreeing with Petitioner that "Section 902.9.1 was the sole basis for the Zoning Administrator's denial of a permit, and no other issue was properly before the Board...."

---

1. An employee for Petitioner removed the billboard out of concern for the dangerous condition resulting when the billboard was destroyed by a tornado.

2. Section 902.8.3 states, in pertinent part, "[t]he right to maintain any nonconforming sign shall terminate and shall cease to exist whenever the sign structure is destroyed, or is damaged as described in subsection 902.4.6.e...." Section 902.4.6.e states that a sign is damaged when the structural support has failed either by fracture or by exceeding its yield point.

Respondent appealed and the Court of Appeals reversed. *Clear Channel Outdoor v. City of Myrtle Beach*, 360 S.C. 459, 602 S.E.2d 76 (Ct.App.2004). The Court of Appeals held the circuit court erred in limiting the Board's review to Section 902.9.1 and noted "few restrictions encumber the scope of the Board's authority." *Id.* at 465, 602 S.E.2d at 79. The Court of Appeals cited S.C.Code Ann. § 6–29–800(E) (Supp.2005) which confers upon the Board "all the powers of the officer from whom the appeal is taken." *Id.* The Court of Appeals also held Petitioner did not have a vested right to reconstruct a billboard. *Id.* at 467, 602 S.E.2d at 80.

### *ISSUES*

Did the Court of Appeals' decision violate Petitioner's procedural due process rights and is the City estopped from alleging Petitioner's sign was nonconforming when Petitioner allegedly had no notice of the nonconformity issue?

### *STANDARD OF REVIEW*

Under S.C.Code Ann. § 6–29–840(A) (Supp.2005), "[t]he findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury, and the court may not take additional evidence." In reviewing questions presented on appeal, the court must determine only whether the decision of the board is correct as a matter of law. *Id.* A court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision. *Restaurant Row Assocs. v. Horry County*, 335 S.C. 209, 216, 516 S.E.2d 442, 446. (1999). However, a decision of a city zoning board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion. *Id.*

### *LAW/ANALYSIS*

Petitioner argues the Court of Appeals' decision violates its procedural due process rights because Petitioner allegedly had no notice of the issues decided by the City. Petitioner's argument fails because it had actual notice of the nonconformity issue and, therefore, the City is not estopped from alleging Petitioner's sign was nonconforming.

■■ Due process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses. *In re Vora,* 354 S.C. 590, 595, 582 S.E.2d 413, 416 (2003). Petitioner argued its due process rights were violated because it neither received notice of the nonconformity issue nor had a meaningful opportunity to be heard. We disagree.

First, the record contains a memorandum from Petitioner to the Zoning Administrator written prior to the hearing before the Board in which Petitioner expresses its understanding that its billboard was nonconforming under Section 902.9.1. An affidavit from Petitioner's real estate manager confirms it knew of the nonconformity issue prior to the hearing before the Board. Second, Petitioner affirmatively argued before the Board that its billboard was conforming. The Record shows Petitioner had both notice of the nonconformity issue and an opportunity to be heard. Petitioner's due process rights, therefore, were not violated.

■ Petitioner's estoppel argument also fails. Petitioner argues the City is estopped from finding Petitioner's sign is nonconforming because the City inspected the sign and determined it was conforming, and because the City failed to notify Petitioner of any nonconformity. According to Petitioner, the City inspected all signs within the City limits and kept an inventory showing Petitioner's sign was conforming. The inventory led Petitioner to believe its sign was conforming and deprived Petitioner of the opportunity to cure any defect before the sign was destroyed. The City, on the other hand, maintains the inventory was merely an unofficial, staff-maintained record that predated Section 902.9.1.

■ To claim equitable estoppel, a party must show: "(1) a lack of knowledge and the means of knowledge of truth as to facts in question; (2) justifiable reliance upon the conduct of the party estopped; and (3) prejudicial change in the position of the party claiming estoppel." *Evins v. Richland County Historic Preservation Commission,* 341 S.C. 15, 532 S.E.2d 876 (2000). Petitioner is charged with knowledge of the law. *See Labruce v. City of North Charleston,* 268 S.C. 465, 234 S.E.2d 866 (1977). Petitioner was in the business of outdoor advertising and had ample means of knowing its sign violated

the City's ordinance. Section 902.9.1 has been in effect since 1998. An unofficial inventory list does not excuse Petitioner from knowledge of ordinances which have a direct bearing on its business. Petitioner knew or had means to know its sign was nonconforming under Section 902.9.1. Therefore, Petitioner's reliance on the doctrine of estoppel is misplaced.

## CONCLUSION

We affirm the decision of the Court of Appeals. We also affirm Petitioner's remaining issues pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issues 1 and 2: S.C.Code Ann. § 6–29–800(A), (E) (Supp.2005); *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992) ("The cardinal rule of statutory construction is that words used therein must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand its operation."); Issues 4 and 5: *Gurganious v. City of Beaufort,* 317 S.C. 481, 490, 454 S.E.2d 912, 918 (Ct.App.1995) ("While a property owner has a constitutionally protected right to continue the use following enactment of a zoning ordinance, provisions terminating the nonconforming use upon destruction of a specified portion of the premises . . . are proper, so long as the maximum amount of destruction permitted and the time allowed is reasonable."); and Issues 7 and 8: *Purdy v. Moise,* 223 S.C. 298, 302, 75 S.E.2d 605, 607 (1953) ("[A local zoning board's] construction of its own ordinance, the enforcement of which it is charged with, should be given some consideration and not overruled without cogent reason therefore."); *Fontaine v. Peitz,* 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987) ("The circuit court should not disturb the findings of the board unless the board has acted arbitrarily or in an obvious abuse of discretion, or unless the board has acted illegally or in excess of its lawfully delegated authority.").

**AFFIRMED.**

MOORE, WALLER, JJ., and Acting Justices JAMES W. JOHNSON, JR. and L. CASEY MANNING, concur.