THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 White Hat
 Properties, Appellant,
 
 
 

v.

 
 
 
 The Town of Hilton Head Island, and The Town of Hilton Head Island Board of Zoning Appeals, Respondents.
 
 
 

Appeal From Beaufort County
  Perry M. Buckner, III, Circuit Court
 Judge

Unpublished Opinion No. 2008-UP-082
 Submitted December 11, 2007 - Filed
 February 6, 2008
 Withdrawn and Substituted April 28, 2008

AFFIRMED

 
 
 
 James O. Hale, of Hilton Head Island, for Appellant.
 Gregory M. Alford, of Hilton Head Island, for Respondents.
 
 
 

PER CURIAM: 
 White Hat appealed Hilton Heads order to stop construction of residential
 homes on Lot 142 of Sea Pines Plantation to the Board of Zoning Appeals (BZA). 
 The BZA found Lot 142 was designated as golf course or if undesignated, open
 space, and affirmed the stop work order.  The
 circuit court, sitting in its appellate capacity, affirmed.  White Hat appeals,
 and we affirm.
1. White
 Hat argues the circuit court erred by deferring to the BZAs findings as the
 BZA interpreted an ordinance.  We disagree and find the BZAs findings were factual,
 warranting deference from the circuit court and this court. 
The
 factual findings of a BZA will
 not be disturbed, unless there is no evidence to support the findings.  Vulcan
 Materials Co. v. Greenville County Bd. of Zoning Appeals, 342
 S.C. 480, 488, 536 S.E.2d 892, 896 (Ct. Ap. 2000).  Conversely,
 the BZAs ruling will not be upheld if an error of law exists or if the BZA
 acted arbitrarily or unreasonably.  Peterson Outdoor Adver. v. City of Myrtle Beach, 327 S.C. 230, 235, 489 S.E.2d 630, 633 (1997).    
In this
 case, the BZA found this property is a portion of the Golf Course and was
 designated as a golf course use.  The BZA went on to find if the designation
 was uncertain, then it should be found as undesignated and, therefore, open
 space.  We hold this determination is factual, supported by some evidence, and
 neither arbitrary nor unreasonable.
The 1984 Master Plan of Sea Pines is devoid of any reference to Lot 142, the piece of property this case involves.  Lot 142 was created after 1984.  Lot
 142 appeared in December 1999, when a Settlement Agreement granted Lot 142 by quitclaim deed to Sea Pines
 Land Company, which later became known as White Hat.  Also in December 1999,
 Hilton Head issued subdivision approval for Lot 142.  However, neither of these
 actions amended the Master Plan, which was necessary to change zoning.
Before
 the BZA, Hilton Heads Urban Designer stated Lot 142, under the Land Use Map,
 was part of the golf course, which is nonresidential.  The Designer further
 informed the BZA that he determined the property was undesignated.  We believe
 there is evidence to support the BZAs finding.
White
 Hat attempts to expand this courts scope of review by arguing the BZAs
 determination was legal, not factual.  White Hat points to Hilton Head Land Management Ordinance
 section 16-4-209(D) (1993), which states, Undesignated areas on these master
 plans shall be considered as open space.  This argument is faulty, as the
 BZAs finding hinges on its factual determination the land was golf course or
 undesignated, not any perceived application of the ordinance.
This
 court acknowledges the ostensible unfairness created by the stop work order, but the standard of review restrains this court to defer
 to the BZAs judgment on factual findings regarding zoning.  See Clear
 Channel Outdoor v. City of Myrtle Beach, 372 S.C. 230, 234, 642 S.E.2d 565,
 567 (2007) (A court will refrain from substituting its judgment for that
 of the reviewing body, even if it disagrees with the decision.).  Moreover,
 this seeming inequity may be attributed in part to White Hats own conduct.  As
 the circuit court noted, White Hats losses due to the stop work order flow
 directly from White Hats continued representation the 1999 Settlement
 Agreement authorized the building of two houses on Lot 142, which it did not. 
 As noted above, an amendment to the Master Plan was necessary to affect a
 zoning change.  In this regard, White Hats proper
 remedy is to apply for a zoning map amendment.  See Hilton Head Land Management Ordinance §16-3-1608 (1998).
2. White
 Hat additionally contends the BZA denied White Hats due process rights to
 develop its case.  We disagree.
Under South Carolina jurisprudence, due process
 requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the
 right to introduce evidence; and (4) the right to confront and cross-examine
 witnesses.  Clear Channel, 372 S.C. at 235, 642 S.E.2d at 567.  In Clear
 Channel, the South Carolina Supreme Court found the partys due process
 rights were not violated because the party had notice of the nonconformity
 issue and an opportunity to be heard.  372 S.C. at 235, 642 S.E.2d at 568.
In the case at
 hand, the stop work order was issued on September 14, 2004.  White Hat appealed
 the order to the BZA on September 28, 2004.  The BZA conducted two hearings
 regarding the order, both of which White Hats counsel attended.  At the second
 hearing, White Hats counsel made a presentation to the BZA.  Therefore, White
 Hat had notice of the issue regarding Lot 142s zoning and an opportunity to be
 heard.  Thus, White Hats due process rights were not violated.
3. White
 Hat next argues Hilton Head should be estopped from denying Lot 142 is zoned
 residential.  We disagree.
In order to claim equitable estoppel, a party must
 illustrate: (1) a lack of knowledge and the means of knowledge of truth as to
 facts in question; (2) justifiable reliance upon the conduct of the party
 estopped; and (3) prejudicial change in the position of the party claiming
 estoppel.  Clear Channel, 372 S.C. at 235, 642 S.E.2d at 568.  
In Clear
 Channel, Clear Channel applied for a permit to replace a billboard, which
 was completely destroyed by a tornado.  372 S.C. at 232, 642 S.E.2d at 566. 
 The Zoning Administrator denied the permit because of a zoning ordinance
 prohibiting the construction of new billboards, and the citys BZA upheld the
 denial.  Id.  Clear Channels previous billboard did not conform;
 however, Clear Channel argued the city was estopped from arguing nonconformity
 because the city inspected the previous billboard and found it did conform.  Id. at 235, 642 S.E.2d at 568.  The South Carolina Supreme Court rejected Clear
 Channels argument stating, Clear Channel is in the business of
 outdoor advertising and had ample means of knowing its sign violated the Citys ordinance.  Id. at 235-36, 642 S.E.2d at 568.  Further, Clear Channel knew or had means to know
 its sign was nonconforming under the city ordinance.  Id. at 236, 642
 S.E.2d at 568.  Therefore, Clear Channels reliance on the doctrine of
 estoppel is misplaced.  Id. 
This
 cases facts fit squarely with Clear Channel.  White Hat had ample means
 of knowing (especially from Hilton Head Land Management Ordinance section
 16-3-1608) the only way to affect zoning was to change the Master Plan through
 a zoning map amendment, despite Hilton Heads improper issuance of a building
 permit.  Accordingly, Hilton Head is not estopped from denying Lot 142 is residential.
4. Finally,
 White Hat asserts Hilton Heads adoption of the 1993 amendment to section
 16-4-209 of Hilton Head Land Management Ordinance, which made undesignated land
 open space, is void for lack of notice.  We disagree.
In
 1993, the applicable law barred a challenge to an amendment of a zoning
 regulation more than two years after the public hearing for inadequacy of
 notice, if substantial compliance with notice requirements existed.  See S.C. Code Ann. § 6-7-730 (Supp. 1994).[1] 
 Section 6-7-730 mandated the governing authority to hold advertised, public
 hearings regarding the amendment.
The
 record does indicate eight public hearings were conducted and a First and
 Second reading by the town council prior to the adoption of the 1993
 amendment.  Additionally, the record includes two newspaper clippings
 advertising the public hearings.  Therefore, this argument is without merit
 because it falls after the two-year statue of limitations and the record
 provides evidence of proper notice.  
White
 Hat heavily relied on Brown v. County of Charleston, 303 S.C. 245, 247,
 399 S.E.2d 784, 785-86 (Ct. App. 1990), where this court held the notice of an
 amendment did not sufficiently notify landowners the use of their own property
 would be altered, even though no one contested the advertisements compliance
 with the statutory guidelines.  Brown is easily distinguished from the
 case at hand as the amendment in this case did not change a current landowners
 property rights.  Instead, the ordinance attempted to bring continuity to the
 subdivision by designating uncertain land as open space.  Additionally, as in Clear
 Channel, White Hat is in the land development business and should have
 known the potential implications of the amendment.  372 S.C. at 236, 642 S.E.2d at 568.
During
 oral argument, White Hat asserted an unconstitutional taking occurred; however,
 this issue was not ruled upon below or advanced in White Hats brief.[2] 
 Therefore, under issue preservation principles, this argument is not properly
 before us.  See Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505,
 510-11, 598 S.E.2d 712, 715 (2004) (It is well settled that, but for a
 very few exceptional circumstances, an appellate court cannot address an issue
 unless it was raised to and ruled upon by the trial court.). 
CONCLUSION
Although White Hat attempts to disguise the BZAs
 factual determinations as legal, our standard of review requires this court to
 defer to the BZAs factual findings.  Further, White Hats due process,
 estoppel, and public notice arguments lack merit.  Accordingly, the BZAs order
 is 
AFFIRMED.
HEARN, C.J., and KITTREDGE and THOMAS, JJ., concur.

[1]  The
 current law limits the statute of limitations to sixty days after the decision
 of the governing body.  See S.C. Code Ann. § 6-29-760(D) (2004).
[2]  The last sentence of White Hats reply brief referred
 to a constitutionally inappropriate taking; however, this mere mention of a
 taking is conclusory.  See Glasscock, Inc. v. U.S. Fid. and Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (stating
 short, conclusory statements made without supporting authority are deemed
 abandoned on appeal and therefore not presented for review).