**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1716

MARSHA A. FERIRA,

Plaintiff - Appellant,

v.

STATE FARM FIRE & CASUALTY CO.,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:18-cv-00412-RMG)

Submitted:  February 27, 2020                    Decided:  March 24, 2020

Before KING, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew K. Epting, Jr., Jaan G. Rannik, ANDREW K. EPTING, JR., LLC, Charleston, South Carolina, for Appellant.  Charles R. Norris, NELSON MULLINS RILEY & SCARBOROUGH LLP, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marsha A. Ferira appeals the district court's order granting summary judgment to her home insurance carrier, State Farm Fire and Casualty Company ("State Farm"), on her complaint seeking reimbursement for the cost of replacing the roof of her house. On appeal, Ferira argues that her homeowner's policy covered certain storm-related damages to her roof and, in any event, that State Farm should be estopped from denying coverage based on misleading statements made by one of its claims adjustors. For the reasons that follow, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

By its terms, Ferira's insurance policy did not cover any loss consisting of wear, tear, deterioration, or rot. On this point, the record is replete with evidence that parts of the roof had deteriorated or rotted, and, indeed, Ferira concedes that rot was discovered during an inspection of her roof. Nevertheless, Ferira points to the deposition of State Farm's corporate designee, who testified that, if an insured suffers a loss for which there is a covered cause and an excluded cause, the insured is entitled to partial coverage. Based on this understanding of the policy, Ferira maintains that she needed to prove only that the storm was *a* cause—rather than *the* cause—of the damage to her roof. We cannot agree.

2

Under the operative state law, a court interpreting a contract may look to extrinsic evidence only if the contract is ambiguous—i.e., if "its terms are capable of having more than one meaning when viewed by a reasonably intelligent person who has examined the entire agreement." *Progressive Max Ins. Co. v. Floating Caps, Inc.*, 747 S.E.2d 178, 184 (S.C. 2013). Conversely, if a contract's language is plain and unambiguous, then outside evidence is inadmissible to aid the agreement's construction. *Id.*

We do not discern, and Ferira makes no attempt to identify, any ambiguity in the relevant provision of the insurance policy. As a result, "no statements regarding the terms of [the policy] may be used to vary [its] otherwise clear meaning." *Callawassie Island Members Club, Inc. v. Dennis*, 821 S.E.2d 667, 672 (S.C. 2018). Thus, applying the policy's plain language, we conclude that the existence of roof rot and other deterioration precluded Ferira from recovering under the policy for the damage to her roof.

Alternatively, Ferira asserts that, based on a claims adjustor's misguided assurance that her roof would be covered, State Farm cannot now disclaim liability for the cost of replacing her roof. "To claim equitable estoppel, a party must show: (1) a lack of knowledge and the means of knowledge of truth as to facts in question; (2) justifiable reliance upon the conduct of the party estopped; and (3) prejudicial change in the position of the party claiming estoppel." *Clear Channel Outdoor v. City of Myrtle Beach*, 642 S.E.2d 565, 568 (S.C. 2007) (internal quotation marks omitted).

Several days after the claims adjustor allegedly misadvised Ferira that her roof would be covered, State Farm sent her a letter and coverage estimate indicating that the roof damage was an excluded loss. In spite of this disclaimer, Ferira proceeded to replace

3

her roof, then requested reimbursement from State Farm, which refused to approve her claim. Given that State Farm's subsequent written communications with Ferira flatly contradicted the claims adjustor's purported guarantee of coverage, we conclude that any reliance on the claims adjustor's misstatement was unreasonable, thus defeating Ferira's claim of equitable estoppel.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*