**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Frieda H. Dortch, Appellant,

v.

City of Coumbia, Planning & Development Services/Zoning Division a/k/a City of Columbia Board of Zoning Appeals, Respondent.

Appellate Case No. 2019-000868

———————

Appeal From Richland County
Walton J. McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-307
Heard April 7, 2022 – Filed July 20, 2022

———————

**AFFIRMED**

———————

M. Baron Stanton, of Stanton Law Offices, P.A., of Columbia, for Appellant.

Peter M. Balthazor, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Frieda H. Dortch asserts the circuit court erred in affirming the City of Columbia Board of Zoning Appeals' (Board) rulings regarding her residential housing duplex at 825 and 825 1/2 Heidt Street. Dortch contends (1)

the circuit court applied an incorrect standard of review; (2) the circuit court erred in affirming the Board's finding that her property lost its grandfather status; (3) the circuit court erred in affirming the Board's decision to deny her variance requests; and (4) she had a constitutionally vested right to continue her nonconforming use. We affirm.

1.  The circuit court applied the correct standard of review.  No authority supports Dortch's contention that our state or federal constitutions required the circuit court to review the Board's decisions de novo.  *See* S.C. Code Ann. § 6-29-840(A) (Supp. 2021) ("The findings of fact by the [B]oard . . . must be treated in the same manner as a finding of fact by a jury, and the [circuit] court may not take additional evidence."); *Newton v. Zoning Bd. of Appeals for Beaufort Cnty.*, 396 S.C. 112, 117, 719 S.E.2d 282, 284 (Ct. App. 2011) ("The circuit court may not take additional evidence and 'must determine only whether the decision of the board is correct as a matter of law.'"  (quoting § 6-29-840(A))); *Clear Channel Outdoor v. City of Myrtle Beach*, 360 S.C. 459, 466, 602 S.E.2d 76, 79 (Ct. App. 2004) ("[A] court will uphold the decisions of a reviewing body if there is any evidence in the record to support its decision."), *aff'd*, 372 S.C. 230, 642 S.E.2d 565 (2007).

2.  The circuit court did not err in affirming the Board's finding that Dortch's property lost its grandfather status because evidence that the duplex had been vacant for twelve consecutive months supported the Board's finding.  *See* COLUMBIA, S.C., CODE § 17-202(e) (1999) ("A nonconforming use . . . shall not be reestablished after vacancy, abandonment[,] or discontinuance for any period of 12 consecutive months . . . ."); *Gurganious v. City of Beaufort*, 317 S.C. 481, 489-90, 454 S.E.2d 912, 917-18 (Ct. App. 1995) (affirming a ruling that a property lost its grandfather status because the zoning ordinance reasonably prohibited reuse or reoccupation "after discontinuance of use or occupancy for a period of one year or more" (quoting CITY OF BEAUFORT, S.C., CODE § 5-6108)).

3.  The circuit court did not err in affirming the Board's decision to deny Dortch's variance request.  *Restaurant Row Assocs. v. Horry Cnty.*, 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999) (noting a variance applicant bears "the burden of proving entitlement to a variance"); COLUMBIA, S.C., CODE § 17-112(3)b.1.(i), (3)b.5. (2013) (requiring the Board to find "extraordinary and exceptional conditions pertaining to [a] piece of property" before granting a variance); COLUMBIA, S.C., CODE § 17-112(3)b.2. (2013) ("The [B]oard may not grant a variance the effects of which would be to allow the establishment of a use not otherwise permitted in a zoning district . . . .").

4. In Dortch's petition for appeal, she omitted her contention that she had a constitutionally vested right to continue using her duplex; thus, she failed to preserve it for appellate review. *See Newton*, 396 S.C. at 117, 719 S.E.2d at 284 ("[T]he sole preservation requirement for a first-level appeal of a zoning board's decision is that an appellant must set forth his issues on appeal in a written petition and file that petition with the circuit court before the thirty-day filing period expires."); *Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 37, 606 S.E.2d 209, 213 (Ct. App. 2004) (noting section 6-29-820 of the South Carolina Code (2004 & Supp. 2021) "makes no provision for amendment of the grounds set forth in the petition"); *Clear Channel Outdoor v. City of Myrtle Beach*, 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007) ("Due process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses.").

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**