**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Abdo, Appellant,

v.

City of Charleston and Board of Zoning Appeals-Zoning, Respondents.

Appellate Case No. 2019-001910

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Opinion No. 2023-UP-005
Submitted November 1, 2022 – Filed January 4, 2023

———————

**AFFIRMED**

———————

John A. Massalon, of Wills Massalon & Allen, LLC, of Charleston, for Appellant.

Julia Parker Copeland, of Hinchey Murray & Pagliarini, LLC, and Wilbur E. Johnson and Russell Grainger Hines, both of Clement Rivers, LLP, all of Charleston, for Respondents.

———————

**PER CURIAM:**  David Abdo appeals the circuit court's affirmance of the City of Charleston's Board of Zoning Appeals-Zoning (BZA) decision, arguing (1) the circuit court applied an incorrect standard of review and (2) the zoning administrator, BZA, and circuit court erred in interpreting the applicable ordinance. We affirm pursuant to Rule 220(b), SCACR.[1]

1.  We hold any error by the circuit court in applying an incorrect standard of review was harmless.  *See Kiawah Dev. Partners*, *II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 32–34, 766 S.E.2d 707, 717–18  (2014) (providing a two-step process for the circuit court's review of an agency decision, including (1) giving great deference, where a statute or ordinance is silent or ambiguous, to findings of fact of the agency as if they were findings of fact by a jury, and (2) applying a broader standard of review for issues involving the construction of an ordinance); S.C. Code Ann. § 6-29-840(A) (Supp. 2022) ("The findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury . . . .  In determining the questions presented by the appeal, the court must determine only whether the decision of the board is correct as a matter of law."); *Boehm v. Town of Sullivan's Island Bd. of Zoning Appeals*, 423 S.C. 169, 182, 813 S.E.2d 874, 880 (Ct. App. 2018) (explaining the standard of review of the appellate court is the same as the circuit court); *see generally Norwood v. Am. Tobacco Co.*, 296 S.C. 415, 419, 373 S.E.2d 694, 696–97 (Ct. App. 1988) (finding the appellant "no[t] prejudice[d] by the circuit court's purported application" of the incorrect test of the sufficiency of the evidence).

2.  We find no error by the zoning administrator, BZA, or circuit court in interpreting the term "monument" in the ordinance to exclude the 60-foot flagpole Abdo placed in his yard.  Section 54-505(a) of the City of Charleston Zoning Ordinances[2] provides exceptions to the 35-foot height limitation on any structures within Abdo's residentially-zoned subdivision as follows: "The height limitations of this Chapter shall not apply to church spires, belfries, cupolas and domes not intended or used for human occupancy; *monuments*, water towers, observation towers, transmission towers, masts and aerials . . . ." (Emphasis added.)  The zoning administrator, BZA, and circuit court all found the flagpole did not meet the exception for monuments.  We agree.  *See McClanahan v. Richland Cnty. Council*, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002) ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Article 5, Part 2, Section 54-505(a) of the City of Charleston Zoning Ordinances may be found at https://library.municode.com/sc/charleston/codes/zoning.

be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute.");  *Helicopter Sols., Inc. v. Hinde*, 414 S.C. 1, 13, 776 S.E.2d 753, 759 (Ct. App. 2015) ("This court is prohibited from writing into an ordinance language restricting property rights to a greater degree than intended by the legislative body."); *Charleston Cnty. Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 68, 459 S.E.2d 841, 843 (1995) ("In construing ordinances, the terms used must be taken in their ordinary and popular meaning."); *Monument*, Merriam-Webster Online, https://www.merriam-webster.com/dictionary/monument (last visited December 2, 2022) (defining "monument" as "[(3)(a)(1)]: a lasting evidence, reminder, or example of someone or something notable or great[; (3)(a)(2)]: "a distinguished person[; or (3)(b)]: a memorial stone or a building erected in remembrance of a person or event.").  We likewise find no error by the BZA in relying on photographs produced at the hearing by the Zoning Administrator.  *See* S.C. Code Ann. § 6-29-800(E) (Supp. 2022) (stating an appellate zoning board may "reverse or affirm, wholly or in part, or may modify the order, requirements, decision, or determination, and to that end, has all the powers of the officer from whom the appeal is taken and may issue or direct the issuance of a permit"); *Clear Channel Outdoor v. City of Myrtle Beach*, 360 S.C. 459, 465, 602 S.E.2d 76, 79 (Ct. App. 2004), *aff'd*, 372 S.C. 230, 642 S.E.2d 565 (2007) (finding section 6-29-800(E) and the applicable zoning ordinance authorized "the Board to review the basis of the zoning administrator's decision, consider the basis of the appeal, and apply the appropriate provisions of the zoning ordinance as dictated by the facts before it").

**AFFIRMED.**

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**